Petitioner/Appellant Chester Bland, an inmate of the Alabama prison system, filed a petition in circuit court for a writ of habeas corpus, alleging that his "good time" credits had been revoked at a hearing which failed to afford him due process of law. The circuit court dismissed the petition without a hearing. The Court of Criminal Appeals, 428 So.2d 1373, affirmed without an opinion. After Petitioner's application for rehearing was overruled, we granted his petition for certiorari, which utilized ARAP 39 (k). We reverse and remand.
 FACTS
Petitioner Chester Bland is now, and at all relevant times has been, an inmate of the Alabama prison system. On October 13, 1982, Bland was charged with a violation of prison regulations: assaulting a prison officer. Bland allegedly engaged in physical contact with Henry DeJarnett, scratching his forehead. A disciplinary proceeding was instigated against Bland, and on October 17, 1982, Bland received notice that the charge against him would be heard by a disciplinary committee on October 19.
Upon notification of the hearing date, Petitioner requested that Officer Barnes and an inmate, Jeffery Jackson, be called to testify at the disciplinary proceedings. The record indicates that Officer Barnes was not present because the hearing was scheduled on a day when he was not on duty at the prison. As for inmate Jackson, Petitioner alleges that the record fails to indicate why he was not in attendance at the hearing, while the State claims only that the record is "unclear" on this point.
The only testimony taken at the hearing was Petitioner's sworn statement, denying his guilt of the alleged infraction. Subsequently, the disciplinary committee found Petitioner to have violated the prison regulations, and revoked more than 13 years of "good time" credits which he had accumulated during his incarceration.
 DECISION
In Williams v. Davis, 386 So.2d 415 (Ala. 1980), this Court observed:
 "[T]he United States Supreme Court has held that a prisoner may not be stripped of `good time' credits without some modicum of due process being accorded to him at his disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
 "`Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a `retraction justified by the considerations underlying our penal system.' Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). But, though his rights may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime. . . . Prisoners may also claim the protections of the Due Process *Page 124 
Clause. They may not be deprived of life, liberty, or property without due process of law. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652
(1972); Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495
(1945).
 "`Of course, as we have indicated, the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed. Cf. CSC v. Letter Carriers, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. Cf. Morrissey v. Brewer, 408 U.S. 471, at 488, 92 S.Ct. 2593, at 2603, 33 L.Ed.2d 484. In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.
 "`We also reject the assertion of the State that whatever may be true of the Due Process Clause in general or of other rights protected by that Clause against state infringement, the interest of prisoners in disciplinary procedures is not included in that `liberty' protected by the Fourteenth Amendment. . . .'
 Wolff v. McDonnell, 418 U.S. 539 at 555, 556, 557, 94 S.Ct. 2963 at 2974, 2975, 41 L.Ed.2d 935 (1974)."
After quoting at some length from Wolff, Williams continues:
 "In Wolff, supra, the United States Supreme Court held that due process required that prisoners in a disciplinary hearing, the result of which could be the revocation of their `good time' benefits, must be given advance written notice of the charges against them and a written statement of the evidence relied upon by the disciplinary board and the reasons for their action. The Court held that because the opportunity to be heard was an essential part of due process, a prisoner should be allowed to call witnesses and present documentary evidence. The Court did not hold that due process always required allowing prisoners to call witnesses but rather established a flexible standard to be used by courts in determining whether due process required allowing a prisoner to call witnesses in his own behalf. That standard is a balancing test between the interests of the prisoner in retaining his `good time' and the interests of the prison in institutional safety and correctional goals.
 "`Two of the procedures that the Court held should be extended to parolees facing revocation proceedings are not, but must be, provided to prisoners in the Nebraska Complex if the minimum requirements of procedural due process are to be satisfied. These are advance written notice of the claimed violation and a written statement of the fact-finders as to the evidence relied upon and the reasons for the disciplinary action taken. . . .
 "`Part of the function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact. See In re Gault, 387 U.S. 1, 33-34, and n. 54, 87 S.Ct. 1428, 1446-1447, and n. 54, 18 L.Ed.2d 527 (1967). . . .
. . . . .
 "`We are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. . . . [H]ere we must balance the inmate's interest in avoiding loss of good time against the needs of the prison and *Page 125 
some amount of flexibility and accommodation is required. . . .'
 "Wolff v. McDonnell, 418 U.S. 539 at 563, 564, 566, 94 S.Ct. 2963 at 2978-2979, 41 L.Ed.2d 935 (1974) [emphasis added in Williams.]
 "The United States District Court for the Middle District of Alabama, Northern Division, held that loss of `good time' is a sufficient deprivation of liberty to warrant a prior due process hearing. Diamond v. Thompson, 364 F. Supp. 659 (M.D. Ala. 1973). That Court also held:
 "`[A]t a minimum, the prisoners transferred from Atmore to administrative segregation during the disturbance there were entitled to written notice of the charges against them, an opportunity to be heard and present witnesses and documentary evidence, if any, before an impartial board composed of persons who were not directly involved in the incident, the right to confront and cross-examine adverse witnesses, and a written statement of findings by the board. . . .'
 "Diamond v. Thompson, 364 F. Supp. 659 at 665 (M.D.Ala. 1973).
 "Surely, if the Due Process Clause requires at a minimum that prisoners have an opportunity to be heard, to present witnesses and documentary evidence, and to cross-examine and confront adverse witnesses before a change in the quality of their confinement, then likewise, prisoners should have the same rights before they are deprived of their `good time' credits.
 "We hold in accord with Wolff, supra, that due process requires that prisoners be allowed to produce documentary evidence and to introduce witnesses in their own behalf at a disciplinary hearing which may result in the revocation of their `good time' benefits, unless the production of such documentary evidence or the attendance of such witnesses would be unduly hazardous to institutional safety or correctional goals." 386 So.2d 417-419.
Denying the presence of a witness because of the mere fact that the requested witness is "off duty" or "cannot be reached by phone," does not comport with those basic due process rights afforded in both Williams, supra, and Wolff, supra.
This cause is remanded to the Court of Criminal Appeals with instructions to remand to the circuit court for that court to remand it to the prison disciplinary board for that board to grant petitioner a new hearing in accordance with the principles set out in this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Justices concur except FAULKNER, J., not sitting.