Petitioner Crear, an inmate at Draper Correctional Center, petitioned the Circuit Court of Elmore County for a writ of habeas corpus, alleging that his good time credits had been revoked at a hearing which did not afford him due process of law. The circuit court dismissed the petition without holding a hearing. The Court of Criminal Appeals, 425 So.2d 1370, affirmed without opinion. Crear's application for rehearing, 428 So.2d 1375, and petition for certiorari properly followed Rule 39 (k), A.R.A.P., in requesting that pertinent facts be included in any opinion which might be issued.
Crear's petition for habeas corpus set out three alleged infractions of his due process rights during the disciplinary board hearing which resulted in the loss of eighteen months of good time credit: that he was not given 24 hours' notice of the hearing, that he was not allowed to produce witnesses, and that he was denied a hearing before an impartial board. The record includes a "Notice of Disciplinary Board Hearing" from which it appears that Crear refused to sign the receipt statement or the "witnesses desired" portion. The officer who presented the notice form to Crear indicated on it that Crear received it more than 24 hours prior to the hearing and desired no witnesses. Crear argues that this does not suffice for summary dismissal of his petition for habeas corpus, at least in the face of his claims that he was not given 24 hours' notice and that he was denied the opportunity to present witnesses.
Crear's allegations of denial of due process are all taken from statements in Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Wolff directly mandates the requirements of 24 hours' notice and opportunity to call witnesses when doing so would "not be unduly hazardous to institutional safety or correctional goals." Id.,418 U.S. at 566, 94 S.Ct. at 2979. The Court declined to rule that the Adjustment Committee which conducted the required hearings was "not sufficiently impartial to satisfy the Due Process Clause."Id., 418 U.S. at 571, 94 S.Ct. at 2982. It appears, however, that the challenge in Wolff was to the makeup of the Committee and its guidelines, not, as here, to the status of one of its members as being involved in the case. The Court explained its holding that there was no showing of insufficient impartiality as follows: *Page 1209 
 "The Committee is made up of the Associate Warden Custody [sic] as chairman, the Correctional Industries Superintendent, and the Reception Center Director. The Chief Corrections Supervisor refers cases to the Committee after investigation and an initial interview with the inmate involved. The Committee is not left at large with unlimited discretion. It is directed to meet daily and to operate within the principles stated in the controlling regulations, among which is the command that `[f]ull consideration must be given to the causes for the adverse behavior, the setting and circumstances in which it occurred, the man's accountability, and the correctional treatment goals,' as well as the direction that `disciplinary measures will be taken only at such times and to such degrees as are necessary to regulate and control a man's behavior within acceptable limits and will never be rendered capriciously or in the nature of retaliation or revenge.' We find no warrant in the record presented here for concluding that the Adjustment Committee presents such a hazard of arbitrary decisionmaking that it should be held violative of due process of law."
Id. Thus the Supreme Court in Wolff left open the possibility that an insufficiently impartial disciplinary board would serve as grounds for habeas corpus.
Our research has not disclosed any further pronouncements by the Supreme Court of the United States on this specific aspect of the Wolff holding. The case most closely on point among federal circuit court decisions appears to be Walker v. Hughes,558 F.2d 1247 (6th Cir. 1977), in which the court, finding no due process violation, noted that "[n]either the reporting nor the investigating officer could be a member of the Adjustment Committee." Id., at 1258. This Court recently addressed the right to call witnesses in prison disciplinary hearings in Exparte: Chester Bland, 441 So.2d 122 (Ala. 1983).
The record before us under petitioner Crear's 39 (k) statement shows he appended to his petition for habeas corpus the following amendment to the Alabama Board of Corrections' Administrative Regulation 403, "Disciplinary Board Hearings Procedure for Major Violations," dated March 12, 1976:
 "Paragraph 4d (6)(b), Administrative Regulation 403 is changed to read as follows:
 "`(b) The disciplinary board must be impartial meaning that a board member must not be the arresting officer, witness to the actual incident, the investigating officer, a party to the incident, the victim of the incident, or an official who has approval authority over the disciplinary.'"
(Emphasis in original.) Crear, in his petition and supporting affidavit, asserts that Officer Charles LaPrade witnessed the event and helped arrest him immediately after it took place. Officer LaPrade signed the notice form and wrote that Crear refused to sign for receipt of the notice or to specify witnesses desired. Officer LaPrade was one of the three members of the disciplinary board which held Crear's hearing and recommended revocation of his good time credits.
The State argues that there is no evidence that LaPrade witnessed the event or arrested Crear, and that thus there is no support for Crear's assertions. This argument does not negate the fact that Crear has raised a factual question, which, if Crear's contentions prove correct, would raise a prima facie case of partiality under the Board of Corrections' own regulation. Nothing in the record contradicts Crear's statements regarding Officer LaPrade. Officer Randelson, who was the officer involved in Crear's alleged assault and who was also the reporting officer, reported that an unidentified shift commander advised him what to do with Crear immediately before the incident. The statements of both Officer Randelson and Inmate Brown refer to unidentified officers who "broke it up." Crear contends that LaPrade was the shift commander and one of the arresting officers. *Page 1210 
Crear's petition for habeas corpus thus raised at least one issue which merited a hearing in circuit court. We pretermit consideration of his argument that the evidence on the face of the record that he was given 24 hours' notice and desired no witnesses does not support a summary dismissal of his petition for habeas corpus. If he has evidence to contradict these items, he may present it at the hearing which is mandated for the reasons stated above.
The judgment of the Court of Criminal Appeals, affirming the dismissal of Crear's petition for habeas corpus, is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Justices concur.