VAN GRIMMETT v WARDEN, MARQUETTE PRISON

Docket No. 69809. Submitted February 22, 1984, at Lansing.—Decided June 8, 1984. Leave to appeal applied for.

Gregory Van Grimmett, a prisoner at the Marquette Branch Prison, was found guilty of rioting following a misconduct hearing conducted by a hearing officer of the Department of Corrections Hearing Division. Van Grimmett was subsequently reclassified. He thereafter petitioned in the Marquette Circuit Court seeking judicial review of the misconduct hearing alleging that the hearing division failed to comply with procedural due process by basing a finding of guilt on uncorroborated hearsay and allegations of unidentified witnesses. The trial court, E. A. Quinnell, J., affirmed the action of the hearing officer and dismissed the petition for judicial review. Petitioner appeals from the opinion and order to that effect. *Held:*

1. The Department of Corrections failed to comply with procedural due process. One of the three pieces of evidence relied upon by the hearing officer, a Department of Corrections misconduct report, failed to reveal the source of the reporting inspector's allegations as mandated in the department's hearings handbook. The report also failed to specify the identity of the alleged "numerous other staff" witnesses to petitioner's misconduct as mandated in the handbook.

2. Petitioner failed to offer any evidence that the hearing officer was not impartial. Furthermore, any alleged error concerning the hearing officer's impartiality was waived by petitioner's failure to challenge the impartiality of the officer at the time of the hearing.

3. The decision of the hearings division is reversed and the matter is remanded for a new hearing.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law §§ 643, 711.
[1-4] 60 Am Jur 2d, Penal and Correctional Institutions §§ 41.5, 42.
[3] 2 Am Jur 2d, Administrative Law §§ 397-400.
[4] 2 Am Jur 2d, Administrative Law §§ 407, 408, 425.

1. ADMINISTRATIVE LAW — DEPARTMENT OF CORRECTIONS — MISCON-
   DUCT HEARINGS — JUDICIAL REVIEW.

   The Administrative Procedures Act of 1969 provides the standard
   of judicial review governing Department of Corrections miscon-
   duct hearings (MCL 24.201 *et seq.;* MSA 3.560[101] *et seq.).*

2. ADMINISTRATIVE LAW — JUDICIAL REVIEW — SCOPE OF REVIEW.

   The scope of judicial review provided under the Administrative
   Procedures Act of 1969 is that, except when a statute or the
   constitution provides for a different scope of review, the court
   shall hold unlawful and set aside a decision or order of an
   agency if substantial rights of the petitioner have been preju-
   diced because the decision or order is any of the following: (a)
   in violation of the constitution or a statute, (b) in excess of the
   statutory authority or jurisdiction of the agency, (c) made upon
   unlawful procedure resulting in material prejudice to a party,
   (d) not supported by competent, material and substantial evi-
   dence on the whole record, (e) arbitrary, capricious or clearly
   an abuse or unwarranted exercise of discretion, (f) affected by
   other substantial and material error of law; the court, as
   appropriate, may affirm, reverse or modify the decision or order
   or remand the case for further proceedings (MCL 24.306; MSA
   3.560[206]).

3. PRISONS AND PRISONERS — DISCIPLINARY HEARINGS — DUE PRO-
   CESS.

   A state prisoner is entitled to due process notice and some kind of
   hearing in connection with disciplinary determinations involv-
   ing serious misconduct; the Legislature has fashioned miscon-
   duct hearing procedures designed to comply with the due
   process mandate (MCL 791.251 *et seq.;* MSA 28.2320[51] *et seq.).*

4. PRISONS AND PRISONERS — HEARING OFFICERS — APPEAL.

   A party who fails to challenge the impartiality of a Department
   of Corrections hearing officer at the time of a hearing before
   such hearing officer waives any alleged error on the issue of
   impartiality of the hearing officer (MCL 791.252[i]; MSA
   28.2320[52][i]).

Gregory Van Grimmett, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Eric J. Eggan,* As-
sistant Attorney General, for respondent.

Before: BRONSON, P.J., and R. B. BURNS and R. L. BORSOS,* JJ.

PER CURIAM. Petitioner appeals as of right from a circuit court order affirming a hearing officer's finding that petitioner was guilty of rioting, Department of Corrections major rule violation 022. Petitioner was subsequently reclassified.

In finding petitioner guilty of rioting, the hearing officer relied on three pieces of evidence: a Michigan Department of Corrections misconduct report written by Inspector DeRoche which alleged that petitioner was present in the prison yard during the riot, failed to disperse and return to his cell when ordered to do so, and was eventually bodily removed from the yard and returned to his cell; a report written by Lieutenant Forstrom which, without making any reference to petitioner, described the riot and the methods used to quell it, and indicated that the alleged rioters were eventually forced into G block; and lists indicating that petitioner had been escorted from G block to his own cell after the riot. Petitioner, the only witness to testify at his misconduct hearing, stated that he was coerced by other prisoners into remaining in the prison yard.

Petitioner claims that the department failed to comply with procedural due process by basing a finding of guilt on uncorroborated hearsay and allegations of unidentified witnesses. We agree.

The Michigan Administrative Procedures Act of 1969 (MAPA) provides the standard of judicial review governing Department of Corrections misconduct hearings. *Tocco v Marquette Prison Warden*, 123 Mich App 395, 398; 333 NW2d 295 (1983). The scope of judicial review under the MAPA is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defined by MCL 24.306; MSA 3.560(206), which provides:

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

"(a) In violation of the constitution or a statute.

"(b) In excess of the statutory authority or jurisdiction of the agency.

"(c) Made upon unlawful procedure resulting in material prejudice to a party.

"(d) Not supported by competent, material and substantial evidence on the whole record.

"(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

"(f) Affected by other substantial and material error of law.

"(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings."

In *Wolff v McDonnell,* 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974), the Supreme Court ruled that a state prisoner was entitled to due process notice and some kind of hearing in connection with disciplinary determinations involving serious misconduct. In *Tocco, supra,* p 399, this Court noted that the Michigan Legislature has fashioned misconduct hearing procedures designed to comply with the due process mandate of *Wolff v McDonnell, supra.* These procedures, set forth in MCL 791.251 *et seq.;* MSA 28.2320(51) *et seq.,* were in effect at the time of the instant hearing.

The statutory provisions are supplemented by the Department of Corrections' own Hearings Handbook (DCHH). DCHH IV(A)(2) provides that

the reporting officer should recite exactly what happened, without making assumptions or conclusions; the officer must describe the behavior that constitutes the charge; the hearing officer must have evidence on which to make a decision; and where the reporting officer bases the charge on the direct observations of others, this should be made clear in the report. This rule does not prohibit allegations of misconduct based upon hearsay, but requires the reporting officer to clarify the type of source of the evidence.

Inspector DeRoche's misconduct report describes petitioner's alleged activities as follows:

"At 8:15 p.m. on May 26, 1981, a riot began at MBP. Numerous inmates participated. The riot platoon commander announced on a bullhorn to disperse and return to your cells in the name of the State of Michigan. The above named inmate failed to do so and remained in the yard where an estimated $3 to $4 million of damage resulted. It became necessary for staff to bodily secure the above named and return him to his cell. It was also necessary to use gunfire to contain and control the riotous inmates in the yard."

This statement fails to reveal the source of Inspector DeRoche's allegations as mandated by DCHH IV(A)(2). Without revealing the source of such allegations, petitioner was hard-pressed to defend against the allegations.

Compounding the prejudice created by the defective allegations was the failure of the misconduct report to specify the identity of the alleged "numerous other staff" witnesses to petitioner's misconduct. The DCHH provides that "[t]he names of all persons who may have any knowledge of the incident out of which the misconduct arose should be noted on the misconduct report". DCHH IV(A)(5). Inspector DeRoche's reference to "numer-

ous other staff" witnesses fails to comply with this rule and prejudiced petitioner by (1) creating the impression that numerous members of the prison staff witnessed petitioner's alleged acts of misconduct and (2) denied petitioner the opportunity to question these alleged witnesses concerning their observations, thereby further denying petitioner the ability to present a meaningful defense.[1] Even the DCHH recognizes that "[t]he full investigation of a case is absolutely essential to a fair hearing". DCHH IV(C)(1).

Petitioner's final allegation of error concerns the alleged partiality of the officer who presided over petitioner's misconduct hearing. Petitioner fails to offer any evidence that the hearing officer was either a witness to the alleged misconduct or had personal knowledge of any material fact. Furthermore, any alleged error on this issue was waived by petitioner's failure to challenge the impartiality of the officer at the time of the hearing in accordance with MCL 791.252(i); MSA 28.2320(52)(i).

The decision of the hearings division is reversed for the reasons stated in this opinion and this matter is remanded for a new hearing.[2]

Reversed and remanded.

---

[1] The deficiencies in Inspector DeRoche's report were not cured by Lieutenant Forstrom's report which did not specifically refer to petitioner.

[2] If on rehearing the department is unable to properly substantiate its claim that petitioner participated in the riot, any additional punishment or reclassification imposed on petitioner as a result of the procedurally defective finding of guilt should be remedied.