BOWEN, Presiding Judge.
Howard Tate appeals from the summary dismissal of his pro se petition for writ of habeas corpus. The petition alleged that “all disciplinary actions taken against him does not satisfy the due process requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), where disciplinary committee findings and reasons for actions taken are not reasonably specific.” The petition does not contain any factual details to support this allegation other than to state “[t]he committee findings and reasons for actions taken herein, i.e., [G]uilty due to evidence presented in court is not sufficient to support the findings of guilt where summary of the evidence relied upon do not indicate which of the two reports was relied on or why one witness was more believable than other.”
In a “Traverse” to the State’s Motion to Dismiss, Tate attached as an exhibit a handwritten sheet which is not identified, but which appellate counsel states is “a list of disciplinary actions and their dates.” Listed are twenty-six disciplinaries from 1977 to 1983. Tate failed, however, to provide factual details or the final disposition of any of these actions.
The decisions of the disciplinary board may be challenged by habeas corpus. Williams v. Davis, 386 So.2d 415 (Ala. 1980); Washington v. State, 405 So.2d 62 (Ala.Cr.App.1981). However, “[m]ere conclusory statements do not raise a constitutional issue in a habeas case.” Schlang v. Heard, 691 F.2d 796, 799 (5th Cir.1982), appeal dismissed, — U.S. —, 103 S.Ct. 2419, 77 L.Ed.2d 1310 (1983); Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir.1983). “Where a petition for habeas corpus fails to state sufficient facts to allow the court to dispose of the claims on the merits, the petition will be dismissed.” Almeida v. Jeffes, 566 F.Supp. 852, 856 (E.D.Pa.1983). Here, there has been no “serious attempt by [Tate] to substantiate [his claims]” and therefore his petition was properly dismissed. Baldwin v. Blackburn, 524 F.Supp. 332, 343 (W.D.La.), affirmed on other grounds, 653 F.2d 942 (5th Cir.1981), cert. denied, 456 U.S. 950, 102 S.Ct. 2021, 72 L.Ed.2d 475 (1982). Cf. Mayberry v. Davis, 608 F.2d 1070, 1072 (5th Cir.1979) (“Petitioner’s conclusory statement, unsupported by factual allegations or proof to *264 demonstrate prejudice, is insufficient to support a due process claim”).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.