Williams appeals the summary dismissal of his pro se petition for writ of habeas corpus challenging the constitutionality of a disciplinary proceeding which resulted in the loss of one year of good time. He was charged with possession of contraband in violation of prison regulations. The record discloses that as a result of information furnished by an informer, appellant's bed was searched by an officer named Swain, who found an "ashtray with folded paper inside which contain [sic] some seeds and a green leafy substance" under the mattress. Williams alleges in his petition that there was insufficient evidence for the Disciplinary Board to find him guilty as charged, that he was denied the right to be confronted by the witnesses against him and to *Page 1337 
cross-examine them, and that he was denied the right to a fair and impartial hearing board. The State moved to dismiss the petition on the grounds that the hearing complained of met the due process requirements of Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), that the court had no jurisdiction to review substantive matters in disciplinary proceedings, and that the petition was not properly verified as required by § 15-21-4, Code of Alabama 1975.
A petition for habeas corpus is the proper method by which a prisoner who claims to be deprived of his good time credit without due process of law can challenge the results of his disciplinary hearing. Williams v. Davis, 386 So.2d 415 (Ala. 1980).
The record in this case does not contain an answer or return denying the allegations of fact in the petition. The memoranda and affidavits filed with the State's motion to dismiss the habeas corpus petition contain no facts which contradict those facts set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true. Ex parte Floyd,457 So.2d 961 (Ala. 1984); Vaughan v. State, 415 So.2d 1231
(Ala.Crim.App. 1982).
The due process requirements set out in Wolff v. McDonnell, supra, and approved by the Supreme Court of Alabama in Williamsv. Davis, supra, are summarized as follows:
 "(a) advance notice of the information to be considered at the hearing;
 "(b) a written statement of the evidence relied on and reasons for the decision;
"(c) the right of the prisoner to be present;
 "(d) the right to present documentary evidence on his behalf;
 "(e) a qualified right to have a representative present to aid the prisoner in presenting his case; and
"(f) a qualified right to call witnesses. . . . "
Williams contends on appeal that he did not receive the required advance notice of the hearing. The record shows that the hearing was held at 11:25 p.m., November 16, 1983, and that he received notice at 5:38 p.m., November 14, 1983. It thus appears from the record that he received timely and adequate notice and therefore his contention to the contrary is without merit.
He further contends that there was no substantial evidence to support the finding of guilty by the Board. The evidence relied upon was the testimony of the arresting officer, who stated, "While searching inmate Williams's bed I found an ashtray with folded paper inside which contain [sic] some seeds and a green leafy substance". The Board's finding upon which it based its decision was: "Guilty due to the fact that officer Swain did search the bed assigned to inmate Williams and in the process found what appeared to be marijuana under the mattress". There was no other evidence introduced showing that the substance was in fact marijuana.
In Washington v. State, 405 So.2d 62 (Ala.Crim.App. 1981), this court held:
 "To comport with due process the Board's decision must not have been made arbitrarily or capriciously but should have been based upon `substantial evidence'."
This court stated in Vick v. State, 448 So.2d 474
(Ala.Crim.App. 1984):
 "The rule requiring `substantial evidence' means that an inmate will not be found guilty except by an appropriate quantum of evidence. If a prison official finds an inmate guilty, it is the responsibility of the reviewing courts to determine whether the decision was based on substantial evidence or whether the decision was arbitrary. Aikens v. Lash, 514 F.2d 55 (7th Cir. 1975)."
We were faced with a similar factual situation in Barker v.State, 437 So.2d 1375 (Ala.Crim.App. 1983), where we stated:
 "The lack of the procedural due process mandated in Wolff and approved by our Supreme Court in Williams v. Davis, *Page 1338 386 So.2d 415 (Ala. 1980), is directly related to the substantive issue raised by Barker. Barker argues that the opinion of the arresting correctional officer that the handrolled cigarettes containing a green vegetable material actually contained marijuana does not constitute substantial evidence of his guilt. As was noted in Aikens v. Lash, 514 F.2d 55, 60 (7th Cir. 1975), `As a practical matter, we fail to see the conflict defendants note between the term "substantial evidence" and the phrase "evidence relied on and reasons for the disciplinary actions." . . . . The term "substantial evidence" need not be something prison officials should be overly concerned about. In each case, they should write their conclusions and the reasons for them based on the evidence they have heard.'
 "We reject Barker's argument that scientific evidence was necessary to prove that the vegetable material was marijuana. Evidence that the arresting officer was qualified from study, experience, or observation to identify marijuana would have been sufficient. Jenkins v. State, 46 Ala. App. 719, 248 So.2d 758
(1971). In other words, why did the arresting officer `believe' the material was marijuana? Without such information the action of the board was arbitrary and capricious."
In the instant case the only evidence that the material found was contraband was the statement of Officer Swain that it "appeared to be marijuana". No opinion by a person qualified from experience to give such an opinion was offered. The Board did not find that the substance was marijuana, but only that it "appeared to be marijuana". This falls short of constituting "substantial evidence" of guilt as required by the decisions of this court in Washington v. State, supra; Vick v. State, supra; and Barker v. State, supra. The action of the Board in finding Williams guilty on the basis of evidence that was obviously insufficient was arbitrary and capricious and we so hold.
Williams further contends that his right to a fair and impartial hearing was denied. He bases this contention on his allegations that the chairman of the disciplinary board, Mr. William E. James, was personally involved in the investigation of the incident and the presentation of evidence to the Board. He alleges that during the hearing Mr. James stated: "When I got to work Monday, we received information that you were smoking marijuana in bed Sunday night", and ". . . you had marijuana in your possession", and "We received information from an informant that Williams had been smoking marijuana in his bed and had possession of marijuana Sunday night".
The loss of "good time" is a sufficient deprivation of liberty to warrant a prior due process hearing before an impartial board composed of persons who were not directly involved in the incident. Williams v. Davis, supra; Diamond v.Thompson, 364 F. Supp. 659 (M.D.Ala. 1973).
Paragraph 4d (6)(b), Administration Regulation 403 of the State Department of Corrections, provides:
 "(b) The disciplinary board must be impartial meaning that a board member must not be the arresting officer, witness to the actual incident, the investigating officer, a party to the incident, the victim of the incident, or an official who has approval authority over the disciplinary."
In the case of Vick v. State, supra, this court stated:
 "From these facts, taken from the statements of the correction official, it is apparent that Mr. Patrick Halliday was directly and personally involved with the events in question. He was also the chairman of the disciplinary board before which appellants were heard. Under the circumstances, it seems very likely that the appellants' right to a fair and impartial hearing was denied. See Ex parte Crear, 460 So.2d 1208 (Ala. 1983). For this reason, we reverse the order of the trial court and remand with instructions that appellants be given an evidentiary hearing on their petition of writ of habeas corpus." *Page 1339 
It appears from the allegations of the petition in the instant case that the chairman of the disciplinary board, Mr. James, was directly and personally involved with the events in question, and under the circumstances, it seems likely that the appellant's right to a fair and impartial hearing was denied. Williams has raised a factual question in his petition which if proven correct would raise a prima facie case of partiality. Nothing in the record contradicts Williams's statements concerning Mr. James. Williams's petition in reference to this contention raised an issue which merited a hearing in the circuit court. See Ex parte Crear, 460 So.2d 1208 (Ala. 1983).
The appellant further contends that he was denied due process by the Board's refusal to allow him to cross-examine witnesses against him and to present a prepared statement in his defense. In view of our findings in reference to the lack of substantial evidence to support the finding of guilty of possession of contraband and the apparent lack of impartiality of the disciplinary board, we find it unnecessary to address this contention; however, we point out that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Williams v. Davis, supra.
The State contends that the petition for writ of habeas corpus was not properly verified as required by § 15-21-4, Code of Alabama 1975. There is no merit in this contention. Rice v.State, 460 So.2d 254 (Ala.Crim.App. 1984).
For the above reasons we conclude that the trial court erred in summarily granting the State's motion to dismiss the petition without a hearing.
We reverse the order of the trial court and remand with instructions that the appellant be given an evidentiary hearing on his petition of writ of habeas corpus.
REVERSED AND REMANDED.
All the Judges concur.