BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for writ of habeas corpus. The petitioner is an inmate at the West Jefferson Correctional Facility in Bessemer. In *812 his petition, he challenged the actions of the Department of Corrections in four separate disciplinary actions. The circuit court found the evidenpe insufficient to support two of the actions and ordered the Department to restore the lost good time to the petitioner (six months in each case). After a hearing at which the petitioner was represented by appointed counsel, the court found that the petitioner had been afforded procedural due process in the other two disciplinaries, specifically finding, in each case, that “there was substantial evidence presented upon which the prison disciplinary board could have based their decision.” The disciplinaries involved failure to obey a direct order and insubordination. In each disciplinary, the arresting officer testified and the petitioner made a statement. In each case it was just a matter of credibility and which witness the hearing board chose to believe. The record supports the finding of the circuit court that the evidence was sufficient in the two cases to support the board’s action.
However, with regard to the disciplinary for insubordination, the disciplinary report shows that Officer Christopher Glenn was called as a witness by the petitioner but did not testify. The report notes that the officer was “not present.” At the evidentiary hearing on the habeas corpus petition, the petitioner testified that he specifically requested Officer Glenn’s presence and “[t]he excuse was given that he was not on duty, and not in the institution.” There is nothing in the record to refute or contradict the petitioner’s testimony; therefore, it must be accepted as true. “Denying the presence of a witness because of the mere fact that the requested witness is ‘off duty’ or ‘cannot be reached by phone,’ does not comport with those basic due process rights afforded in both Williams [v. Davis, 386 So.2d 415 (Ala.1980)], and Wolff, supra [v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ].” Ex parte Bland, 441 So.2d 122, 125 (Ala.1983).
The judgment of the circuit court regarding the disciplinary action taken against the petitioner on April 30, 1984, for failing to obey a direct order is affirmed. The judgment of the circuit court regarding the disciplinary action taken against the petitioner on June 30,1984, for insubordination is reversed and the matter remanded to that court with instructions to remand this cause to the prison disciplinary board for that board to grant the petitioner a new hearing in accordance with the principles set out by the Supreme Court of Alabama in Ex parte Bland, 441 So.2d 122 (Ala.1983).
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS,
All Judges concur.