Lamar Owens appeals from the dismissal of his petition for writ of habeas corpus. His petition, which was filed July 30, 1986, reflects that he is an inmate in the Alabama prison system; that he was charged in a prison disciplinary proceeding with assault on a fellow inmate, in violation of prison regulations; that a hearing was held before a prison disciplinary board; that as a result of that hearing, he was found guilty as charged; and that he was ordered to forfeit four years of good time and serve fourteen days in administrative segregation. He avers, inter alia, that the disciplinary proceeding did not comport with due process requirements on the specific grounds that the action of the disciplinary board was not based upon substantial evidence and the board failed to make a proper written statement, setting forth the evidence relied on in finding appellant guilty and its reasons for the disciplinary action.
The State filed a motion to dismiss the petition, in which it asserted generally that all due process requirements were met. Attached to the motion is what purports to be a copy of the disciplinary hearing report. The trial court, without a hearing, granted the State's motion to dismiss.
A prisoner may not be stripped of good time credits or subjected to a major change in conditions of confinement, such as imposition of disciplinary segregation, *Page 578 
without some modicum of due process being accorded to him at his disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Bland v. State,441 So.2d 122 (Ala. 1983); Williams v. Davis, 386 So.2d 415 (Ala. 1980). To comport with due process, a state disciplinary board's decision must not have been made arbitrarily or capriciously, but must have been based upon substantial evidence. Rice v.State, 460 So.2d 254 (Ala.Cr.App. 1984); Washington v. State,405 So.2d 62 (Ala.Cr.App. 1981). In order to determine whether or not the board's decision was based upon substantial evidence, the trial court, as well as other reviewing courts, should have a written statement by the factfinders setting forth the evidence relied on and reasons for the disciplinary action. Wolff v. McDonnell; Rice v. State; Washington v. State.
"A disciplinary proceeding is not a criminal trial, and the traditional criminal standard of proof beyond a reasonable doubt is not necessary to support a finding of a rule infraction." Barker v. State, 437 So.2d 1375, 1376 (Ala.Cr.App. 1983) (quoting J. Cobert and N. Cohen, Rights of Prisoners § 8.10 (1981)). "The standard of proof required is 'necessarily lower than that demanded in criminal, parole-probation, revocation or civil proceedings.' " 437 So.2d 1377 (quotingSmith v. Rabalais, 659 F.2d 539, 546 (5th Cir. 1981), cert. denied, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982)). "Evidence which constitutes substantial evidence has been described as being 'more than a scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion.' " 437 So.2d at 1377 (quoting Richardsonv. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842
(1971)). "Substantial evidence is 'a rational basis for the conclusions approved by the administrative body.' " City ofMobile v. Seals, 471 So.2d 431, 434 (Ala.Civ.App. 1985) (quoting Ex parte Morris, 263 Ala. 664, 668, 83 So.2d 717, 720
(1955)).
The record in the instant case does not contain an answer or return to the petition denying the petition's allegations of fact. The State's motion to dismiss is couched in the most general terms, and the documents purporting to be a record of the disciplinary hearing attached to the motion to dismiss are patently incomplete and do not contradict the facts and allegations set out in the petition. The unrefuted facts set out in the verified petition must, therefore, be taken as true.Ex parte Floyd, 457 So.2d 961 (Ala. 1984).
The portion of the record of the disciplinary hearing before us indicates that the disciplinary board incorporated or adopted the investigating officer's statement as its evidentiary findings to support its action, a practice which does not meet the due process requirements of Wolff v.McDonnell, and which we have accordingly condemned. Spooner v.State, 451 So.2d 429 (Ala.Cr.App. 1984); Barker v. State. The record before us supports appellant's allegation that the board did not make a written statement setting forth the evidence relied on and the reasons for the disciplinary action, as required by Wolff v. McDonnell.
In regard to appellant's remaining contention that the disciplinary action was not based on substantial evidence, we construe this allegation as the apparent contention that the finding of guilt was based entirely on the hearsay statements of the officer and witnesses. Accordingly, we note the following principles:
 "A disciplinary hearing is neither a civil nor a criminal proceeding. As a consequence, the formal rules of evidence observed in criminal and civil trials do not apply. . . . The end result appears to be that disciplinary hearings are sui generis, governed by neither the evidentiary rules of a civil trial, a criminal trial, nor an administrative hearing. The only limitations appear to be those imposed by due process, statute, or administrative regulations.
 "The admissibility of hearsay evidence at prison disciplinary hearings is impliedly authorized by the Supreme Court's discussion of confrontation and cross-examination in Wolff v. McDonnell. Since neither right must be afforded an inmate, it follows that hearsay may not be *Page 579 
objected to on these grounds. Accordingly, hearsay testimony has been held admissible in disciplinary hearings." (Footnotes omitted.)
Rights of Prisoners § 8.07. While hearsay testimony may be admissible, it may not be sufficient by itself in all cases to support a finding of guilt. Ex parte Floyd, 457 So.2d 961 (Ala. 1984); Alvorado v. LeFevre, 111 A.D.2d 475, 488 N.Y.S.2d 856
(1985).
With an incomplete record, we find it difficult to review the substantial evidence issue raised by appellant; however, we must conclude, after reviewing what we have before us, that the evidence is insufficient to show that the actions of the board comported with due process and were not arbitrary and capricious.
For the above reasons, we conclude that appellant's petition for writ of habeas corpus is meritorious and should not have been dismissed without an evidentiary hearing. The judgment of the trial court dismissing the habeas corpus petition is, therefore, reversed, and this case is remanded with directions that appellant be granted a hearing on the merits of his petition.
In view of our holding above, we find it unnecessary to address the question of the refusal or failure of the disciplinary board to honor appellant's request to require the presence at the hearing of certain witnesses; however, for future guidance, we call the recent case of Ponte v. Real,471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985), to the attention of the trial court and the prison authorities. InPonte v. Real, the Supreme Court elaborated on its Wolff v.McDonnell position regarding the necessity for a statement of reasons for not calling witnesses. The Court held that a statement of reasons was constitutionally required, but that such reasons did not have to be in writing or otherwise made part of the administrative record of the disciplinary hearing. Rather, the state could satisfy its burden through its testimony in court following a prisoner's challenge of the constitutional adequacy of the disciplinary proceeding. The Court further indicated that this testimony could be presented to the court in camera when prison security or a similar paramount interest so required.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.