PATTERSON, Judge.
The appellant, Gary Wade Williams, appeals the trial court’s summary denial of his pro se petition for writ of habeas corpus wherein he alleged that he was deprived of liberty interests by a disciplinary proceeding which had been conducted without due process. As a result of being deemed guilty by a disciplinary committee
*1053 for violating the prison rule prohibiting possession of an unauthorized escape device, Williams was ordered to serve twenty-one days in disciplinary segregation, and the committee further recommended that his custody status be changed from medium to close. In his petition, Williams alleged the following: (1) The committee refused to honor Williams’ request to procure the testimony of Officer Henry, who was assigned to another facility, but was receiving training at St. Clair Correctional Facility at the time of the incident, and, allegedly, was the officer who discovered the two hacksaw blades in Williams’ cell; (2) the evidence considered by the committee was insufficient because it consisted only of the statement of Officer Hicks, who allegedly was not the officer who discovered the contraband, and because the hacksaw blades were not presented at the disciplinary hearing; (3) the committee’s statement “We believe the Arresting Officer’s statement that he found the hacksaw blades in Williams’[s] cell” is conclusory; (4) the arresting officer was also the investigating officer; (5) the notice of the charge was incomplete because it failed to designate whether the charge was a major or a minor disciplinary; (6) the committee failed to consider seven written questions which were submitted by Williams; and (7) contrary to prison regulation, the imposed sanctions were not executed until twenty-one days after the warden's concurrence. The record reflects absolutely no response by the State. Upon this record, the trial court denied Williams’ petition.
The attorney general asks that this cause be remanded for an evidentiary hearing “because the record of the prison disciplinary proceedings [is] insufficient to allow a determination of whether the prison disciplinary board complied with due process standards or whether its actions were arbitrary and capricious.” (Memorandum Brief, p. 1.) We agree. The petition is meritorious on its face, and Williams is entitled to an evidentiary hearing. Bartlette v. State, 472 So.2d 706 (Ala.Cr.App.1985). “Where the State does not file an answer or return denying the specific allegations of fact in the petition, the facts as
set out in the petition must be taken as true.” Id. at 706 (citing Williams v. State, 461 So.2d 1339 (Ala.1984) (Torbert, C.J., concurring specially)). See also Ex parte Hawkins, 475 So.2d 489, 491 (Ala.1985); Ex parte Floyd, 457 So.2d 961 (Ala.1984). The allegations in the petition are unrefuted. Since the record is, thus, insufficient to support a proper determination of the merits of Williams’ claims, an evidentiary hearing is warranted. Bartlette; Washington v. State, 405 So.2d 62 (Ala.Cr.App.1981).
We particularly take note of the attorney general’s admission that “[specifically, there is nothing in the disciplinary report to show whether or not Appellant was allowed to have his witnesses present at the disciplinary hearing.” (Memorandum Brief, p. 1.) We once again observe the following:
“[W]e call the recent case of Ponte v. Real, 471 U.S. 491 [105 S.Ct. 2192, 85 L.Ed.2d 553] (1985), to the attention of the trial court and the prison authorities. In Ponte v. Real, the Supreme Court elaborated on its Wolff v. McDonnell [, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974),] position regarding the necessity for a statement of reasons for not calling witnesses. The Court held that a statement of reasons was constitutionally required, but that such reasons did not have to be in writing or otherwise made part of the administrative record of the disciplinary hearing. Rather, the state could satisfy its burden through its testimony in court following a prisoner’s challenge of the constitutional adequacy of the disciplinary proceeding. The Court further indicated that this testimony could be presented to the court in camera when prison security or a similar paramount interest so required.”
Owens v. State, 507 So.2d 576, 578 (Ala.Cr.App.1987). In his petition, Williams alleged that he was informed by the chairperson that the requested witness, Officer Henry, would not be called because the chairperson did not know him. While we recognize that the witness may have been justifiably excluded, we are unable to determine from the record whether the board *1054 made any attempt to balance the interests of the inmate against the potential hazards to institutional safety or correctional goals, in accordance with our supreme court’s mandate in Williams v. Davis, 386 So.2d 415 (Ala.1980), and Ex parte Bland, 441 So.2d 122 (Ala.1983). Ex parte Hawkins, 475 So.2d at 491. See particularly Bland, 441 So.2d at 125 (wherein the court held that “[d]enying the presence of a witness because of the mere fact that the requested witness is ‘off duty’ or ‘cannot be reached by phone,’ does not comport with those basic due process rights” afforded in both Williams, supra, and Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)); Lewis v. State, 485 So.2d 811, 812 (Ala.Cr.App.1986) (wherein the court held that due process was denied where the excuses proffered for the failure to call an officer requested by the prisoner were that “he was not on duty, and not in the institution”).
The judgment of the circuit court denying Williams’s petition is reversed, and this cause is remanded with directions that an evidentiary hearing be held and that due return be made to this court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.