This is an appeal from the denial of a petition for writ of habeas corpus. The petitioner, William Walden, challenges the action of a prison disciplinary committee which found him guilty of possession of contraband "in the form of green leafy substance" and "to include possession of U.S. currency in amount greater than $5.00."
The petitioner alleges that his due process rights were violated because Correctional Officer Willie Sims had knowledge of the incident giving rise to the disciplinary action and was a member of the three-man disciplinary committee. In this regard, the petition merely states:
 "12. A officer cannot sit on a disciplinary hearing board, if he has prior knowledge of incident.
 "13. COI Willie Sims did have prior knowledge of incident and sat on hearing board, in violation of my due process."
These are mere conclusionary statements unsupported by any specific factual allegations. The habeas corpus petition was properly dismissed on this procedural ground. Tate v. State,455 So.2d 263, 263-64 (Ala.Cr.App. 1984). Additionally, there is no showing that the petitioner challenged the impartiality of Officer Sims at the hearing. See Van Grimmett v. Warden,136 Mich. App. 237, 355 N.W.2d 637 (1984), reversed on other grounds, 422 Mich. 935, 369 N.W.2d 461 (1985).
Corrections Officer Sims's signature as a "witness" appears on two statements contained in the record. In the first, inmate Richard Wisemen states that he has no knowledge of the incident. This statement, dated September 14, 1988, was apparently an exhibit to the petition. In the second statement, dated September 13, 1988, inmate Darryl Lynn Turner describes the actions of two other inmates, one of whom was the petitioner's cell mate, but makes no reference to the petitioner. The second statement is part of the State's answer and motion to dismiss.
On September 14, 1988, the disciplinary board found the petitioner guilty, based upon the testimony of Corrections Officer Michael Bacey (the investigating officer).
Members of a prison disciplinary committee must be fair and impartial. Ex parte Crear, 460 So.2d 1208, 1209 (Ala. 1983);Williams v. State, 461 So.2d 1335, 1338-39 (Ala.Cr.App.), cert. denied, Ex parte State, 461 So.2d 1339 (Ala. 1984). However, the mere fact that Officer Sims "witnessed" the statements of two potential witnesses does not indicate that he was an investigating officer. "[S]uch a minimal involvement clearly was not such as to affect [his] objectivity as a member of the committee that heard the complaint." Jensen v. Satran,688 F.2d 76, 78 (8th Cir. 1982), cert. denied, 460 U.S. 1007,103 S.Ct. 1244, 75 L.Ed.2d 475 (1983). See also Piccirillo v. Wainwright,382 So.2d 743 (Fla.Dist.Ct.App. 1980).
The judgment of the circuit court denying the petition for writ of habeas corpus is affirmed.
AFFIRMED.
All Judges concur. *Page 854