This is an appeal from the denial of a petition for writ of habeas corpus. The petitioner challenges the action of a prison disciplinary committee finding him guilty of consuming alcohol.
 I
The petitioner alleges that "all three [disciplinary] committee members . . . witnessed the entire incident" thereby depriving him of a fair and impartial hearing. This ground of the petition is without merit for three reasons. First, this is a mere conclusionary statement unsupported by any specific factual allegation. Walden v. State, 552 So.2d 192, 193
(Ala.Cr.App. 1989). Second, the record does not show that the petitioner challenged the impartiality of the members of the disciplinary committee at the time of the hearing. Id. Third, the mere fact that a committee member "witnessed" the incident giving rise to the disciplinary action does not in and of itself support a presumption of prejudice and bias. Id.
 II
The petitioner alleges that the committee's finding of guilt is not supported by substantial evidence because a urine test of the petitioner failed to reveal the presence of alcohol. However, due process requires that a state disciplinary committee's decision not be made arbitrarily or capriciously but be based on some evidence. Superintendent, MassachusettsCorrectional Institution v. Hill, 472 U.S. 445, 105 S.Ct. 2768,86 L.Ed.2d 356 (1985); Heidelburg v. State, 522 So.2d 337
(Ala.Cr.App. 1988); Thompson v. State, 504 So.2d 747
(Ala.Cr.App. 1987). Here, the arresting officer testified at the disciplinary hearing that he observed the petitioner's red eyes, noticed the petitioner staggering, and smelled alcohol on the petitioner's breath. Two other correctional officers testified that they smelled a strong odor of alcohol on the petitioner. This testimony is sufficient to support the action of the disciplinary committee.
A positive chemical sobriety test creates only a rebuttable and not a conclusive presumption that the person tested was intoxicated. Bouleware v. State, 557 So.2d 1320
(Ala.Cr.App. 1989); Salazar v. State, 505 So.2d 1287, 1291
(Ala.Cr.App. 1986). The weight to be given the test results is for the trier of fact. Terry v. City of Montgomery,549 So.2d 566, 567 (Ala.Cr.App. 1989). Likewise, a negative chemical sobriety test creates only a rebuttable and not a conclusive presumption that the person tested was not intoxicated. Therefore, an inmate may be found guilty by a disciplinary committee of using alcohol even though a urine test produces negative results if there is evidence that the inmate had been consuming alcohol.
 III
Here, the "fact-finder's report" is sufficient. "It has been clearly established that due process requires more than a boiler-plate statement of a disciplinary board's reasons for disciplining an inmate. . . . [E]ven where the reasons stated fall short of the requirements of Wolff [v. McDonnell,418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)], if the disciplinary report also contains summaries of the witnesses' statements sufficient to show the essential facts supporting the board's findings, then the report meets the requirements of Wolff."Johnson v. State, [Ms. 88-1517, December 15, 1989] ___ So.2d ___, ___ (Ala. 1989).
 IV
The petitioner also contends that the State failed to produce the test results at the disciplinary hearing. In its motion to dismiss, the State did not specifically refute this allegation and therefore it must be accepted as true. Ex parte Floyd,457 So.2d 961 (Ala. 1984). See also Mitchell v. State,547 So.2d 1194, 1195 (Ala.Cr.App. 1989).
The record shows that the petitioner requested the test results at the disciplinary hearing. In the petition, the petitioner alleges *Page 296 
that the arresting officer "is also the institution's designated Urinalysis Testing Officer." However, in his written statement which is a part of the official "synopsis of disciplinary hearing," the arresting officer states that he did not know the results of the test. It is our opinion that evidence of either the test results or the substance of the test results should have been produced at the disciplinary hearing pursuant to the petitioner's request.
We hold that, in a prison disciplinary proceeding, at least in the case where the chemical sobriety test is negative for the presence of alcohol or other intoxicants, due process requires that the inmate be provided with evidence of the test results. Chavis v. Rowe, 643 F.2d 1281, 1285-86 (7th Cir.), cert. denied, 454 U.S. 907, 102 S.Ct. 415, 70 L.Ed.2d 225
(1981) (In disciplinary proceedings, the failure of the committee to disclose to the inmate the investigatory report or the substance of that report containing statements by witnesses which excuplated the inmate denied the inmate due process.). See also Mendoza v. Miller, 779 F.2d 1287, 1296-98 (7th Cir. 1985), cert. denied, 476 U.S. 1142, 106 S.Ct. 2251,90 L.Ed.2d 697 (1986); Harris v. MacDonald, 555 F. Supp. 137, 140
(N.D.Ill. 1982). Although an inmate has no clearly established right to demand production of real evidence at a disciplinary hearing, Young v. Lynch, 846 F.2d 960, 963 (4th Cir. 1988), production may be required, id. at 964. It has been recognized that due process requires that the inmate receive a duplicate copy of the results of a drug test for the presence of marijuana, which form the basis for the disciplinary proceeding. Wykoff v. Resig, 613 F. Supp. 1504, 1514
(N.D.Ind. 1985). See also Waterman v. State, 387 N.W.2d 776
(Iowa App. 1986) (no due process violation for failure to furnish copy of urine analysis where notice of disciplinary hearing included notice that sample was positive for cannabis).
An inmate has a circumscribed right to call and present witnesses and evidence in his defense before the disciplinary board. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963,41 L.Ed.2d 935 (1974); Ponte v. Real, 471 U.S. 491,105 S.Ct. 2192, 85 L.Ed.2d 553 (1985); Ex parte Bland, 441 So.2d 122
(Ala. 1983). The record does not show that the disciplinary board gave any reason for denying the petitioner's request for the production of the results of the urine test.
The judgment of the circuit court denying the petition for writ of habeas corpus is reversed. This case is remanded with directions that the petitioner be afforded an evidentiary hearing.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.