LONG, Judge.
The appellant, Michael Starkling, an inmate in the state prison system, appeals from the summary dismissal of his petition for a writ of habeas corpus. The appellant was charged with violating prison rule number 34, which prohibits fighting with a weapon. After a disciplinary hearing, a prison disciplinary board found the appellant guilty of the charge. He was sanctioned with the loss of six months of earned good time credit, placement in a lower earning status for six months, and the loss of various privileges for 30 days.
The appellant contends, that he was denied due process of law in his disciplinary proceedings because, he says, he was not allowed to call three material witnesses — all of whom were prison inmates and all of whom *500 were alleged by the appellant to have been at the scene of the underlying incident — to testify in his behalf at the disciplinary hearing. The disciplinary report indicates that the hearing officer attempted to contact the requested witnesses by telephone, but was unsuccessful. The disciplinary report also indicates that the effort to contact the witnesses was undertaken by the hearing officer only approximately 30 minutes before the appellant’s disciplinary hearing and that the hearing proceeded when the witnesses, who, apparently, were on work release, did not return the hearing officer’s call. The state’s motion to dismiss the appellant’s petition states only that the appellant’s rights were not violated. The trial court dismissed the petition without holding an evidentiary hearing.
“An inmate facing a disciplinary proceeding should be allowed to call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.” Wolff v. McDonnell, 418 U.S. 539, 563, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). In this case, if the sole reason for not making the witnesses available to the appellant at the disciplinary hearing was that they could not be reached in what appears from the disciplinary report to have been a last minute and rather perfunctory attempt to telephone them, that reason would be insufficient to meet the due process requirements of Wolff v. McDonnell. “ ‘Denying the presence of a witness because of the mere fact that the requested witness is “off duty” or “cannot be reached by phone” does not comport with those basic due process rights afforded in both Williams [v. Davis, 386 So.2d 415 (Ala.1980) ], and Wolff, supra.’” Lewis v. State, 485 So.2d 811, 812 (Ala.Cr.App.1986), quoting Ex parte Bland, 441 So.2d 122, 125 (Ala.1983). Because we cannot determine from the record the reason prison authorities refused to allow the presence of the witnesses at the disciplinary hearing, we must remand this case to the trial court to hold a hearing and to determine the reason or reasons the witnesses were not made available. This case is remanded to the trial court with instructions that that court set aside its order of dismissal and to grant the appellant a hearing on the merits of his petition. If the trial court determines that the failure to have the witnesses present was for reasons other than those authorized by Wolff v. McDonnell, the appellant is entitled to a new disciplinary hearing.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.

 Note from the Reporter of Decision: On May 2, 1997, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.