BASCHAB, Judge.
In a prison disciplinary proceeding, the appellant, Lebrón Luster, was found guilty of absconding supervision — absent without permission, a violation of Rule # E9, Regulation # 403. He was sanctioned with the loss of privileges for 45 days and referral for custody review. He also alleges that he was removed from work release as a result of the disciplinary proceeding.[1] The appellant filed a petition for a writ of habeas corpus, alleging that prison officials violated his due process rights under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), during the disciplinary proceeding. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that he was denied due process of law during the disciplinary proceeding because he was not allowed to call two witnesses, including his work release supervisor, to testify during the hearing.[2] The disciplinary report indicates only that the witnesses were “[n]ot available.” (C.R. 15.) We addressed a similar situation in Pearsall v. State, 564 So.2d 1014, 1017 (Ala.Crim.App.1989), aff'd in part, rev’d in part on other grounds, 564 So.2d 1017 (Ala.1990), as follows:
“Appellant contends that the disciplinary board failed to honor his request to require the presence of a witness at the hearing. The record shows that he requested the presence of Alfred Smith to be a witness in his behalf. The record also shows, ‘Witness: Not Available.’ In any case, Smith did not appear, and appellant alleges in his petition that the board did not contact Smith and made no effort to do so. In Ponte v. Real, 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985), the Supreme Court elaborated on *1195 its Wolff v. McDonnell position regarding the necessity for a statement of reasons for not calling a witness requested by an inmate at a disciplinary hearing. The Court held that a statement of reasons in the record was constitutionally required. Was the reason given here sufficient? We do not think so. In our opinion, more than just a terse ‘not available’ is required. Specific reasons must be given, explaining the witness’s nonavailability.”
Also, in Starkling v. State, 697 So.2d 499, 500 (Ala.Crim.App.1997), we explained:
“ ‘An inmate facing a disciplinary proceeding should be allowed to call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.’ Wolff v. McDonnell, 418 U.S. 539, 563, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). In this case, if the sole reason for not making the witnesses available to the appellant at the disciplinary hearing was that they could not be reached in what appears from the disciplinary report to have been a last minute and rather perfunctory attempt to telephone them, that reason would be insufficient to meet the due process requirements of Wolff v. McDonnell. ‘ “Denying the presence of a witness because of the mere fact that the requested witness is ‘off duty’ or ‘cannot be reached by phone’ does not comport with those basic due process rights afforded in both Williams [v. Davis, 386 So.2d 415 (Ala.1980)], and Wolff, supra.” ’ Lewis v. State, 485 So.2d 811, 812 (Ala.Cr.App.1986), quoting Ex parte Bland, 441 So.2d 122, 125 (Ala.1983).”
From the record before us, we cannot determine why the appellant was not allowed to call the requested witnesses during the disciplinary hearing. Therefore, we remand this case to the circuit court with instructions that that court set aside its order of dismissal, conduct a hearing to determine the reason or reasons the witnesses were not made available, and make specific findings of fact as to the reason or reasons the witnesses were not made available. If the circuit court determines that the failure to have the witnesses present was for a reason or reasons other than those authorized by Wolff, the appellant is entitled to a new disciplinary hearing. On remand, the circuit court shall take all necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include a transcript of the evidentiary hearing and the circuit court’s specific findings of fact.[3]
REMANDED WITH INSTRUCTIONS. 
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. Because the State does not refute that allegation, we must take it as true. See Ex parte Brooks, 897 So.2d 1017 (Ala.2004).

. Although the Wolff due process protections do not apply in cases involving the loss of privileges, see Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and Summerford v. State, 466 So.2d 182 (Ala.Crim.App.1985), the Alabama Supreme Court has held that an inmate has a liberty interest in remaining on work release. See Ex parte Beny, 794 So.2d 307 (Ala.2000).

. At this time, we pretermit discussion of any other arguments the appellant raises in his brief to this court.