457 So.2d 961 (1984)
Ex parte Lewis FLOYD, Jr.
(Re Lewis FLOYD, Jr. v. STATE of Alabama).
82-1143.
Supreme Court of Alabama.
May 11, 1984.
Robert S. Milner, Wetumpka, for petitioner.
Charles A. Graddick, Atty. Gen., and Patricia E. Guthrie, Asst. Atty. Gen., for respondent.
EMBRY, Justice.
We granted the writ of certiorari to the Court of Criminal Appeals, 434 So.2d 871, to review that court's affirmance, without opinion, of the trial court's dismissal of the petition for habeas corpus of Floyd, who sought to reverse a prison disciplinary board ruling that deprived him of "good time" benefits. We reverse.
The dispositive issue is whether the due process requirements that a prisoner in a disciplinary hearing, the outcome of which could result in revocation of "good time" benefits, must be given written notice in advance (not less than twenty-four hours) of the charges against him, a written statement of the evidence relied upon by the board, and the reasons for its action, have been satisfied.
The record in this case does not contain an answer or return to the petition for writ of habeas corpus denying the allegations of fact in that petition. The memoranda and affidavits filed with the State's motion to dismiss the habeas corpus petition *962 contain few, if any, facts which contradict those facts set out in the petition. Accordingly, the unrefuted facts set out by the petitioner must be taken as true. Vaughan v. State, 415 So.2d 1231 (Ala.Cr.App. 1982); Washington v. State, 405 So.2d 62 (Ala.Cr.App.1981).
The only evidence of record which indicates that Floyd was ever served with written notice of the charges against him may be found in the "Disciplinary Report." This report sets out a charge of "Failure to obey a direct order." The report contains a notation, however, that Floyd refused to sign. The only notation on this report showing that Floyd ever received a copy of the written charge is dated "12-31-82," three days after his disciplinary hearing.
In contrast to the single charge set out by the "Disciplinary Report," an "Institutional Incident Report" contained in the record depicts the incident in question as "Failure to obey an order/Use of Force/Assaulting an Officer." It is evident to this court that the precise nature of the charge brought against Floyd was never clearly defined by the prosecuting administrators and, therefore, Floyd was denied any opportunity "to marshal the facts in his defense and to clarify what the charges are, in fact." Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974). In light of the foregoing, we must conclude that the due process requirements articulated in Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974), have not been satisfied in the present case. This omission alone would require reversal.
Regarding the insufficiency of the written statement of the evidence relied upon by the board and the reasons for its action, it is patent that supposition based upon supposition, stemming from hearsay, was the only thing upon which the board's conclusion could be based. For all the above reasons, it is clear the decision of the board did not comport with due process and was, therefore, arbitrary or capricious.
The judgment of the Court of Criminal Appeals must be, and it is hereby, reversed, and the case is remanded to that court for entry by it of an appropriate opinion or order directing the trial court to hold an evidentiary hearing on Floyd's petition for writ of habeas corpus.
REVERSED AND REMANDED WITH INSTRUCTIONS.
FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, J., concur in the result.
TORBERT, Chief Justice (concurring in the result).
I concur in the result reached by the majority because the record does not clearly indicate that written notice of the charge was given to petitioner prior to the disciplinary hearing as required by Wolff v. McDonnell, 418 U.S. 539, 564-65, 94 S.Ct. 2963, 2978-79, 41 L.Ed.2d 935 (1974).
MADDOX, J., concurs.