LEIGH M. CLARK, Retired Circuit Judge.
While this appellant was an inmate of Staton Correctional Facility in Elmore County, he filed a petition for writ of habe-as corpus with the Clerk of the Circuit Court of Elmore County, in which he alleged that he was being restrained of his Due Process and Liberty rights by the finding of prison officials at a disciplinary hearing that he was guilty of violation of Rule 37 proscribing a non-forcible sex offense and that as a result thereof he had been deprived of some “good time” credit. The habeas corpus petition was filed after a ruling against this appellant on his appeal to the appropriate higher authority within the Department of Corrections. Within a reasonable time after the habeas corpus petition was filed, the State by its District Attorney of the Nineteenth Judicial Circuit, which includes Elmore County, filed a mo *1017 tion to dismiss the petition and as grounds therefor set forth the following:
“1. The Disciplinary complained of meets all of the procedural due process requirements of Wolff v. McDonnell, 418 U.S. 539, 41 L.Ed.2d 295 [935] 94 S.Ct. 2963 (1974). See attached State’s exhibit #A. And this Honorable Court has no jurisdiction to review substantive matters in disciplinaries. Fielding v. State, 409 So.2d 964 (Ala.Cr.App.1981); Washington v. State, 405 So.2d 62 (Ala.Cr. App.1981).
“2. Petitioner has failed to properly verify his Petition as required by section 15-21-4 Code of Alabama, 1975; O’Such v. State, 423 So.2d 317 (Ala.Cr.App.1982); 28 U.S.C.A. 1746 and Moore v. State, 417 So.2d 610 (Ala.Cr.App.1982).”
On the day following the date of the filing of the motion to dismiss, the court rendered the following order:
“The Petition for Writ of Habeas Corpus having been considered by the Court, along with the Motion of the District Attorney of the Nineteenth Judicial Circuit to dismiss said Petition, the Court is of the opinion that the Motion to Dismiss is well taken.
“It is therefore ORDERED, ADJUDGED AND DECREED by the Court that the Petition for Writ of Habeas Corpus be and is hereby dismissed.”
In the briefs of the parties on appeal are found issues in addition to those presented in the trial court. We deem it appropriate and dispositive of this appeal to limit our consideration at this time to the two issues presented in the trial court by the motion to dismiss the petition for habeas corpus and the briefs of counsel for the respective parties as to such issues.
I.
In Ex parte Lewis Floyd, Jr., 457 So.2d 961 (1984), the Alabama Supreme Court stated:
“The dispositive issue is whether the due process requirements that a prisoner in a disciplinary hearing, the outcome of which could result in revocation of ‘good time’ benefits, must be given written notice in advance (not less than twenty-four hours) of the charges against him, a written statement of the evidence relied upon by the board, and the reasons for its action, have been satisfied.
“The only evidence of record which indicates that Floyd was ever served with written notice of the charges against him may be found in the ‘Disciplinary Report.’ This report sets out a charge of ‘failure to obey a direct order.’ The report contains a notation, however, that Floyd refused to sign. The only notation on this report showing that Floyd ever received a copy of the written charge is dated ‘12-31-82,’ three days after his disciplinary hearing.”
The disciplinary report in the instant case shows that the disciplinary hearing was conducted on December 13, 1983. It appears that Kelly received a copy of the disciplinary report on December 15, 1983. The record before us does not show that he was served with notice of the charge against him prior to the disciplinary hearing. In accordance with Ex Parte Floyd, supra, the failure to serve him with written notice of the charge at least twenty-four hours before the hearing constitutes a denial of due process. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Williams v. Davis, Ala., 386 So.2d 415 (1980).
II.
Ground No. 2 in the motion to dismiss is not supported by the facts shown by the transcript, which shows that David K. Kelly signed the habeas corpus petition, and immediately thereafter there is the following legend in pen and ink: “Subscribed and sworn to before me this 1st day of March 1984.” The legend is signed by one as a notary. In the recent case of Rice v. State, Ala.Cr.App. (Ms. 5 Div. 885, June 12, 1984), it was held:
“The words ‘sworn to’ at the foot of Rice’s petition must be taken to mean that he declared on oath that the allega *1018 tions set forth in his petition were true, and we are of the opinion that this satisfied the requirements of verification in Sec. 15-21-4.”
The judgment of the trial court should be reversed and the cause remanded for action by the trial court consistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.