This is an appeal from the denial of a petition for writ of habeas corpus. The appellant contends that there is no substantial evidence to support the action of a prison disciplinary committee in finding him guilty of fighting with a weapon because there was no eyewitness testimony.
The appellant admits fighting with inmate Southern but claims that Southern attacked him, that he fought in self-defense, and that he had no weapon. In an affidavit also considered by the disciplinary committee, the appellant claimed that Southern hit him with a "sink stopper," charged him with a "mop ringer," and tried to "stick [him] in the heart" with "something that was long and sharp." The arresting officer testified that the appellant "was in laundry [room] unauthorized and was the aggressor with a sink stopper, which was his weapon."
Sergeant Charles Blevins was requested as a witness by the appellant and his affidavit was considered by the disciplinary committee. In that affidavit he states that inmate Southern told him that the appellant attacked him, that the appellant told him that Southern attacked him, and that both inmates were treated at the health care unit.
The affidavit of inmate Eleanor Rucker states that Rucker saw the appellant and Southern "struggling."
The Alabama Department of Corrections has the authority to create and enforce rules of discipline for inmates. See §14-3-51 and § 14-3-52, Alabama Code 1975. Discipline and administration of state detention facilities are state functions and prison officials have broad discretion in the daily operation of the correctional system. McCray v. Bennett,467 F. Supp. 187 (Ala. 1978).
The record supports the finding of the prison disciplinary board. The evidentiary standard required was stated inSuperintendent, *Page 748 Massachusetts Correctional Institution, Walpole v. Hill,472 U.S. 445, 105 S.Ct. 2768, 2774-75, 86 L.Ed.2d 356 (1985):
 "We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . .' United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. [103] at 106, 47 S.Ct. [302] at 304 [71 L.Ed. 560]. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (CA8 1974). We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. See Wolff [v. McDonnell], 418 U.S. [539] at 562563, 567-569, 94 S.Ct. [2963] at 29772978, 2980-2981 [41 L.Ed.2d 935]. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, id., at 556, 94 S.Ct., at 2974, and neither the amount of evidence necessary to support such a conviction, see Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), nor any other standard greater than some evidence applies in this context."
Confrontation and cross-examination are not required "as a matter of course" in prison disciplinary proceedings and are generally not required in that context. Wolff v. McDonnell,418 U.S. 539, 567-68, 94 S.Ct. 2963, 2980, 41 L.Ed.2d 935 (1974).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.