ON APPLICATION FOR REHEARING
The original opinion in this case, issued on December 8, 1987, is hereby withdrawn and this opinion is substituted therefor.
 Labarron Heidelburg appeals from the trial court's summary dismissal of his pro se petition for writ of habeas corpus, which challenges the constitutionality of four prison disciplinary proceedings. The first disciplinary arose from a charge of assaulting another inmate on May 21, 1986. After a hearing before a disciplinary board or committee, appellant was found guilty and was sentenced, inter alia, to 21 days' "disciplinary segregation." The second disciplinary arose from a charge of assaulting a prison officer on June 3, 1986. After a hearing, appellant was found guilty and was sentenced to 21 days' "disciplinary segregation." The third disciplinary arose from a charge of refusing to work on October 1, 1986. After a hearing, appellant was found guilty and was sentenced, inter alia, to 10 days' "disciplinary segregation." The fourth disciplinary arose from a charge of threatening a prison officer on October 2, 1986. After a hearing, appellant was found guilty and was sentenced, inter alia, to 21 days' "disciplinary segregation."
 The initial inquiry in any prison disciplinary case is whether the deprivation suffered by the inmate amounted to the denial of a liberty interest within the meaning of the due process clause. Summerford v. State, 466 So.2d 182
(Ala.Cr.App. 1985). The imposition of disciplinary segregation constitutes a denial of a liberty interest, and the due process procedures required under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), on behalf of prisoners are triggered by such imposition. Summerford v. State, supra.
 Appellant contends that in each disciplinary proceeding there was not a sufficient written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action, as is required by Wolff v. McDonnell.
He also contends that there was no substantial evidence to support the actions of the disciplinary board in each of the proceedings.
 The report of the disciplinary board or committee concerning the first disciplinary proceeding referred to above states the evidence relied on and the reasons for the disciplinary action, as follows: "Guilty due to the arresting officer's statement that inmate Heidelburg crossed the ditch to attack inmate Roach and that inmate Heidelburg admitted to fighting Timothy Roach." In the second proceeding referred to above, the evidence relied on and the reasons for the disciplinary action were stated as follows: "The arresting officer stated that inmate Heidelburg did in fact assault him by shoving him back with both hands, therefore, the committee finds inmate guilty as charged." In the third proceeding, the evidence relied on and the reasons were stated as follows: "Guilty, based on Officer W. Baker stating that Inmate Heidelburg told him at least four times to get away from my bed or I'll kick your mother-fucking ass. Also, Inmate Heidelburg stated that he told Officer Baker to get the hell away from his bed and go get some help." In the fourth proceeding, the evidence and reasons for the action were stated: "Based on the arresting officer's statement that defendant refused to work and defendant's admission that he wasn't going to work until he got water; therefore we find the defendant guilty."
One of the minimum requirements of due process in a prison disciplinary proceeding is that there be a "written statement by the factfinders as to the evidence relied on and *Page 339 
reasons" for the disciplinary action. Wolff v. McDonnell, 418 U.S. at 564, 94 S.Ct. at 2979; Rice v. State, 460 So.2d 254,256 (Ala.Cr.App. 1984). The written statement protects the inmate from possible collateral consequences based on a misunderstanding of the nature of the original proceeding and from arbitrary action by prison officials and enables him to "propound his own cause" subsequent to the hearing. Wolff v. McDonnell, 418 U.S. at 565, 94 S.Ct. at 2979; Spooner v. State, 451 So.2d 429, 430 (Ala.Cr.App. 1984).
 To meet the due process standard, the disciplinary board's decision must neither be arbitrary nor capricious, and must be based upon some evidence. Thompson v. State, 504 So.2d 747
(Ala.Cr.App. 1987); Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).
 Prior to our decision in Thompson v. State, we applied the substantial evidence standard in determining if there was sufficient evidence to support findings of guilty by prison disciplinary boards in prison disciplinary proceedings. Appellant, in arguing that there was a lack of substantial evidence before the disciplinary board in the instant case, incorrectly relies on cases decided prior to Thompson. See, e.g., Ex parte Hawkins, 475 So.2d 489 (Ala. 1985); Washington v. State, 405 So.2d 62 (Ala.Cr.App. 1981). In Thompson v. State, we adopted the evidentiary standard required by the United States Supreme Court in Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, i.e., that the requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board.
 In order to determine whether the board's decision was indeed based upon some evidence, the trial court, as well as the reviewing court, should have a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. Rice v. State, supra. The rule requiring some evidence means that an inmate will not be found guilty except by an appropriate quantum of evidence. If a prison official finds an inmate guilty, it is the responsibility of the reviewing courts to determine whether the decision was based on some evidence or whether the decision was arbitrary. Thompson v. State. Procedural due process mandated in Wolff v. McDonnell is directly related to the issue of whether there is some evidence to support the decision of a prison disciplinary board. A finding of guilty that is not based on some evidence would be arbitrary and capricious and a denial of due process under Wolff v. McDonnell. Williams v. State, 461 So.2d 1335
(Ala.Cr.App.), cert. denied, 461 So.2d 1339 (Ala. 1984); Barker v. State, 437 So.2d 1375 (Ala.Cr.App. 1983).
 We have reviewed the written statements in the reports of the prison disciplinary board in the instant case, which set out the evidence relied on and the reasons for the disciplinary actions in each of the four disciplinary proceedings, and we find that they meet the due process requirements of Wolff v. McDonnell. The statements contain sufficient facts to support the board's findings.
 The judgment of the trial court dismissing the petition for writ of habeas corpus is due to be affirmed.
 ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED; APPLICATION OVERRULED.
All Judges concur. *Page 766