536 So.2d 118 (1987)
Douglas Edward KIRK
v.
STATE.
6 Div. 278.
Court of Criminal Appeals of Alabama.
November 10, 1987.
On Return to Remand November 23, 1988.
Douglas Edward Kirk, pro se.
Don Siegelman, Atty. Gen., and Fred F. Bell, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
This is a parole revocation case. The appellant, Douglas Edward Kirk, was on parole when he was arrested and convicted of six counts of burglary in the third degree. The facts, such as can be ascertained from the record, are as follows: On November 26, 1979, Kirk was arrested for violating the conditions of his parole. Parole revocation proceedings were instituted. On February 28, 1980, Kirk escaped from the Tuscaloosa County Jail. On February 21, 1983, he was arrested in Harris County, Texas, for aggravated perjury, and was convicted and sentenced to five years. On August 23, 1983, Kirk requested a final disposition of charges in Tuscaloosa County, Alabama. On November 9, 1983, he *119 was returned to Tuscaloosa County for trial. On January 9, 1984, Kirk pleaded guilty to the six counts of burglary and was sentenced to six consecutive 22-year terms. On January 22, 1986, formal notice of parole revocation was sent to him. Kirk petitioned for a writ of habeas corpus, claiming that the failure to hold a parole revocation hearing was in violation of the Uniform Mandatory Disposition of Detainers Act and his due process rights under the Fourteenth Amendment. The writ was denied and Kirk files this appeal, upon which he raises three issues.

I
First, Kirk contends that the Uniform Mandatory Disposition of Detainers Act is applicable to parole revocation hearings. In relevant part, the act states:

"Article III.
"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."
In Carchman v. Nach, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985), the United States Supreme Court said:
"The language of the [Uniform Disposition of Detainers Act] ... makes clear that ... Article III refers to criminal charges pending against a prisoner. A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Article III."
We hold that there is no substantial difference between a parole revocation hearing and a probation revocation hearing insofar as the Uniform Mandatory Disposition of Detainers Act is concerned. The Act does not apply to either.

II
Second, Kirk contends that the state should have responded to his request for final disposition of the parole revocation proceedings, to allow him to respond to the state's charges, citing Ex parte Floyd, 457 So.2d 961 (Ala.1984). This contention rests on the assumption that the Uniform Mandatory Disposition of Detainers Act applies to parole revocation proceedings. As we have already determined, it does not. Further, Ex parte Floyd, Id., applies to habeas corpus petitions, not parole revocation proceedings.

III
Finally, Kirk contends that he has a conditional liberty interest under the Fourteenth Amendment which was denied him by not holding a parole revocation hearing. Although it has been held that parolees do not have a constitutionally protected liberty interest under Alabama's parole statutes, they nevertheless are entitled to a due process hearing when an attempt is made to revoke their parole. Ex parte Floyd, Id.; United States v. Tyler, 605 F.2d 851 (5th Cir.1979). The United States Supreme Court set out specific due process requirements in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that must be met in revoking a prisoner's parole:
"They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically *120 finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial."
The record is silent as to whether a due process hearing conducted in accordance with Morrisey was held. Therefore, we remand this case under Rule 10(f), A.R. A.P., and direct that the trial court supplement the record by including therein any available evidence of a due process hearing on the issue of revoking Kirk's parole. The court, after responding to this Rule 10(f) request, shall then wait to give this court an opportunity to review its response before proceeding further.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Presiding Judge.
Pursuant to our order of November 10, 1987, the trial court inquired into the question of whether a due process hearing had been afforded Kirk. The court entered an order as follows:
"This case was remanded under Rule 10(f), ARAP, and directed the trial court to supplement the record by including therein any available evidence of a due process hearing on the issue of revoking Kirk's parole. Hearing was held on 1/5/88. State of Alabama, assisted by Assistant District Attorney and counsel from the Department of Corrections, failed to comply with remand order. There was no evidence presented as to whether a due process hearing was held. Petitioner ordered released on cases involving parole revocation until a due process hearing can be held. Costs waived."
This matter having been resolved, the appeal is moot and is accordingly dismissed.
APPEAL DISMISSED.
All the Judges concur.