Anthony Pearsall filed a petition for writ of habeas corpus, alleging that he was denied due process in a prison disciplinary proceeding that deprived him of "good time" benefits. The trial court granted the State's motion to dismiss the petition. The Court of Criminal Appeals reversed and ordered the issuance of the writ of habeas corpus, directing the State to expunge all references to that proceeding from Pearsall's files. 564 So.2d 1014 (1989). We granted the writ of certiorari to the Court of Criminal Appeals to review that court's holding.
In its petition, the State contends that the Court of Criminal Appeals went too far in effectively rendering the cause, and that it should have remanded the cause for a new hearing. We agree. Because the error complained of, upon which the Court of Criminal Appeals correctly reversed the judgment of the trial court, was in the nature of a trial error and was not based upon the insufficiency of the State's evidence, Pearsall is entitled to a new hearing under the guidelines established in Ex parte Floyd, 457 So.2d 961 (Ala. 1984); but he is not entitled to have the cause rendered in his favor on appeal.
Therefore, we affirm that part of the Court of Criminal Appeals' judgment reversing the trial court's judgment dismissing Pearsall's petition; we reverse that part of the Court of Criminal Appeals' judgment directing the trial court to issue the writ of habeas corpus and to expunge all references to the disciplinary proceeding; and we remand the cause for an evidentiary hearing to determine the circumstances surrounding Pearsall's termination from his work release job and the reasons for the disciplinary board's failure to honor Pearsall's request to require the presence of a particular witness at his disciplinary hearing.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
HORNSBY C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.