Johnny Bridges appeals from the dismissal of his petition for a writ of habeas corpus. His petition shows that he is a prison inmate; that he was charged in a prison disciplinary proceeding with threatening to kill a prison employee, in violation of a prison regulation; that a hearing was held before a hearing officer; that the hearing officer found him guilty as charged; and that he was ordered, inter alia, to serve 25 days in disciplinary segregation. He avers in his petition that the disciplinary proceeding failed to comport with due process requirements because, he argues, the finding of guilt was based solely on hearsay testimony.
The state moved to dismiss the petition, categorically denying its averments and asserting generally that the appellant had received "the full range of due process." The trial court summarily granted the state's motion to dismiss.
In a case involving a prison disciplinary proceeding, the initial inquiry is whether the deprivation suffered amounted *Page 697 
to the denial of a liberty interest protected by the Due Process Clause of the Constitution. Heidelburg v. State,522 So.2d 337 (Ala.Cr.App. 1988). Disciplinary segregation constitutes a denial of a liberty interest and triggers the due process requirements of Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Summerford v. State,466 So.2d 182 (Ala.Cr.App. 1985). Due process requires that the decision of a state disciplinary board or a hearing officer not be made arbitrarily or capriciously, but be based upon some evidence. Superintendent, Massachusetts CorrectionalInstitution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768,86 L.Ed.2d 356 (1985); Heidelburg v. State. Hearsay testimony may be admissible in prison disciplinary hearings; however, it may not alone be sufficient to support a finding of guilt. Pearsallv. State, 564 So.2d 1014 (Ala.Cr.App. 1989), rev'd in part on other grounds, 564 So.2d 1017 (Ala. 1990). See also Ex parteFloyd, 457 So.2d 961 (Ala. 1984). Situations arise where findings of guilt based entirely on hearsay are proper and necessary; however, in those cases certain measures must be taken to ensure minimum due process. Pearsall v. State.
In this case, the sole evidence upon which the finding of guilt was based was the hearsay statement of the arresting officer that Nurse Dianna Ruff had told him that she had heard the appellant say that he was going to kill Dr. Wilson as soon as he got a chance. Nurse Ruff did not testify, and no reason is given as to why she was not called by the state as a witness. The appellant and another inmate testified that the appellant had made a statement to the effect that Dr. Wilson was trying to kill him.
The question presented here is whether the hearsay testimony of the officer, taking into consideration all the circumstances, constitutes "some" evidence so as to satisfy the requirements of due process. We do not think so. The state presents nothing to indicate the reliability of the hearsay testimony. No reason is given for the state's failure to produce Nurse Ruff, who had direct knowledge of the incident. For these reasons, we conclude that the finding of guilt by the hearing officer is not supported by sufficient evidence to meet due process requirements, and is, therefore, arbitrary and capricious. The judgment of the trial court dismissing the habeas corpus petition is, therefore, reversed. SeePearsall v. State, 564 So.2d at 1018; Ex parte Floyd, 457 So.2d at 962.
REVERSED AND REMANDED.
All Judges concur.