COBB, Judge.
Jerry Wayne Hand appeals from the dismissal of his petition for a writ of habeas corpus. His petition shows that he was charged in a prison disciplinary proceeding with threatening another inmate, a violation of a prison regulation; that a hearing was held before a hearing officer; that the hearing officer found him guilty as charged; and that as a result, he lost 6 months of good time, and 30 days of all privileges and was ordered to serve extra duty on second shift for 2 hours each day for 30 days. Hand avers in his petition that the disciplinary *1021 proceeding violated his right to due process because, he argues, the finding of guilt was based solely on hearsay testimony. Hand refers to the testimony of Officer Luán R. Stevens. Stevens testified at the prison disciplinary hearing that the arresting officer, Sergeant Enoch Parks, who was on vacation at the time of the hearing and unavailable to testify, had previously instructed her to write the prison disciplinary report because she had been involved.
The State moved to dismiss the petition, categorically denying its averments and asserting that Hand received “the full range of due process.” The trial court granted the State’s motion to dismiss.
“In a case involving a prison disciplinary proceeding, the initial inquiry is whether the deprivation suffered amounted to the denial of a liberty interest protected by the Due Process Clause of the Constitution. Heidelburg v. State, 522 So.2d 337 (Ala.Cr.App.1988). Discipline in segregated confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Due process requires that the decision of a state disciplinary board or a hearing officer not be made arbitrarily or capriciously, but be based upon some evidence. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Heidelburg v. State. Hearsay testimony may be admissible in prison disciplinary hearings; however, it may not alone be sufficient to support a finding of guilt. Pearsall v. State, 564 So.2d 1014 (Ala.Crim.App.1989), rev’d in part on other grounds, 564 So.2d 1017 (Ala.1990). Situations arise where findings of guilt based entirely on hearsay are proper and necessary; however, in those cases certain measures must be taken to ensure minimum due process. Pearsall v. State.”
Bridges v. State, 636 So.2d 696, 696-97 (Ala.Cr.App.1993).
“‘The admissibility of hearsay evidence at a prison disciplinary hearing is impliedly authorized by the Supreme Court’s discussion of confrontation and cross-examination in Wolff v. McDonnell [418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)]. Since neither right must be afforded an inmate, it follows that hearsay may not be objected to on these grounds. Accordingly, hearsay testimony has been held admissible in disciplinary hearings.’
“... We have held that, while hearsay testimony may be admissible in prison disciplinary hearings, it may not be sufficient by itself in all cases to support a finding of guilt.”
Pearsall v. State, 564 So.2d 1014, 1015-1016 (Ala.Crim.App.1989) (some citations omitted) reriin part on other grounds, 564 So.2d 1017 (Ala.1990).
In this case, we cannot discern from the record whether the hearing officer’s decision was based solely upon the alleged testimony of Officer Stevens. It appears that Officer Stevens was the only witness for the State and a reading of the hearing officer’s order provides a basis from which it can be reasonably inferred that Officer Stevens was present when Hand committed the prison violation; thus, her testimony was not entirely hearsay. However, the hearing officer stated in the record his reasons for the finding of guilt, as follows: “Based on the sworn testimony of the Arresting Officer, which I believe and accept for the truth, that on 08/18/96 Sgt. Enoch Parks did conduct an investigation and Inmate Jerry Hand did admit that he had threatened Inmate Kenneth Aldridge.” The hearing officer stated that he relied on the sworn testimony of the arresting officer; however, Enoch Parks, the arresting officer, was not present at the prison disciplinary hearing.
In order to address the issue raised by Hand, .it is necessary to know whether any hearsay statements were introduced in the proceedings. For this reason, we remand this ease to the trial court with instructions to hold an evidentiary hearing, if necessary, and to determine who testified at the prison disciplinary hearing, what evidence was considered by the hearing officer at the disciplinary proceeding, and, if the evidence was entirely hearsay, to determine whether the *1022 evidence presents sufficient indicia of reliability. See Hughley v. State, 629 So.2d 703 (Ala.Crim.App.1993). The trial court shall enter written findings regarding the above and take necessary action to see that the circuit court clerk makes due return to this court at the earliest possible time within 60 days of release of this opinion.
REMANDED WITH DIRECTIONS. 
All the Judges concur.