Jonathan Gowers appeals from the dismissal of his petition for a writ of habeas corpus. Gower is a prison inmate charged in a prison disciplinary proceeding with promoting contraband by assisting another inmate in obtaining a .25 caliber pistol, which that inmate then used to take hostages. The prison disciplinary hearing was conducted before a hearing officer on February 19, 1997. The hearing officer found him guilty as charged, and Gowers was ordered to serve 45 days disciplinary segregation. Additionally, Gowers lost all his accrued good time and was removed from good-time status for one year. On September 10, 1999, Gowers filed a petition for a writ of habeas corpus with the Circuit Court of Escambia County, alleging that the disciplinary proceeding failed to comport with due process requirements because, he argued, the finding of guilt was based solely on hearsay testimony. On November 9, 1999, the circuit court dismissed the petition, calling the action frivolous, as that term is defined by the Prison Litigation Reform Act and ordered Gowers to pay a $140 filing fee. This appeal follows.
On appeal, Gowers restates his argument that he was denied the minimum due process requirements established in Wolff v.McDonnell, 418 U.S. 539 (1974), when the disciplinary hearing officer made a decision based solely on hearsay testimony. We first note that the loss of good time constitutes a denial of a liberty interest that triggers the due process requirements established in Wolff v. McDonnell. Summerford v. State,466 So.2d 182 (Ala.Crim.App. 1985). In discussing the due process requirements of a prison disciplinary hearing, this court has stated:
 "Due process requires that the decision of a state disciplinary board or a hearing officer not be made arbitrarily or capriciously, but be based upon some evidence. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Heidelburg v. State
[522 So.2d 337 (Ala.Crim.App. 1988)]. *Page 987 
Hearsay testimony may be admissible in prison disciplinary hearings; however, it may not alone be sufficient to support a finding of guilt. Pearsall v. State, 564 So.2d 1014 (Ala.Crim.App. 1989), rev'd in part on other grounds, 564 So.2d 1017 (Ala. 1990). See also Ex parte Floyd, 457 So.2d 961 (Ala. 1984). Situations arise where findings of guilt based entirely on hearsay are proper and necessary; however, in those cases certain measures must be taken to ensure minimum due process. Pearsall v. State,[supra]."
Bridges v. State, 636 So.2d 696, 697 (Ala.Crim.App. 1993).
In this case, the sole evidence upon which the finding of guilt was based was the hearsay statement of the first-shift correctional sergeant, who testified that he had been informed through an "I I investigation" that Gowers had assisted another inmate in getting a .25 caliber pistol inside the prison. Interestingly, we note from a copy of the institutional incident report filed by the first-shift sergeant and appended by the State to its response to the petition, that he had been informed of the investigation results by a third person:
 "Sgt. W.B., First Shift Sergeant, was notified by Captain D.E. that inmate Jonathan Gowers [was about to be indicted for promoting contraband.] . . . This information was relayed to Captain D.E. from I I."
(C. 26.) From the disciplinary report, it appears that only the first-shift sergeant testified for the State at the hearing and that the sergeant merely testified as to what he had been told about the results of an "I I investigation." There is no indication that any investigator or any prison personnel who were actually involved in the discovery of the pistol testified at the hearing. At the hearing, Gowers apparently denied any part in obtaining the pistol, arguing that, if anything, he should have been charged only with "conspiracy."
We do not believe that, taking into consideration all of the circumstances, the double hearsay testimony of the first-shift sergeant constitutes "some" evidence so as to satisfy the requirements of due process. There was no evidence to indicate the reliability of the hearsay testimony, nor was any reason given for failing to call any witness who had a direct knowledge of the incident, even though the incident occurred in the prison. For these reasons, we conclude that the finding of guilt by the hearing officer is not supported by sufficient evidence to meet due process requirements, and is, therefore, arbitrary and capricious.[1] The judgment of the trial court dismissing the habeas corpus petition is, therefore, reversed. See Pearsall v.State, 564 So.2d 1014 at 1018 (Ala.Crim.App. 1989); Bridges v.State, 636 So.2d at 697.
REVERSED AND REMANDED.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
[1] We note that subsequent to this disciplinary proceeding, Gowers was convicted in Barbour Circuit Court of promoting prison contraband, a violation of § 13A-10-36, Ala. Code 1975, and was sentenced as an habitual offender to 99 years' confinement. That conviction was affirmed by this court on direct appeal. Gowers v.State, 738 So.2d 939 (Ala.Crim.App. 1998). At that trial, Gowers, testifying in his own behalf, admitted that he had developed the plan to obtain a gun inside the prison, but he argued that it was not for his own benefit, but was to repay a debt he owed to another prisoner. Of course, the results of this trial would be sufficient evidence to uphold any subsequent disciplinary proceeding for promoting prison contraband. *Page 988