Geonard Oliver appeals from the circuit court's dismissal of his petition for a writ of habeas corpus challenging a prison disciplinary proceeding in which he was found guilty of making a threat and was sanctioned by the loss of six months' earned good-time credit. Oliver argues that the disciplinary proceeding failed to comport with due-process requirements because, he says, the finding of guilt was based solely on hearsay. Because Oliver was sanctioned with the loss of earned good-time credit, it is necessary to examine his due-process claim. Washington v. State,690 So.2d 539, 540 (Ala.Cr.App. 1997).
The department of corrections report on Oliver's disciplinary proceeding is part of the record on appeal. That report indicates that the finding of guilt was based on the testimony of Lt. John Matthews, a corrections officer at the Red Eagle Honor Farm, who stated that on October 11, 1999, Ed Wesson, supervisor of the operations at Garrett Coliseum in Montgomery, telephoned him and informed him that Oliver, while on work release and assigned to Garrett Coliseum, had threatened Cindy Taylor, a vendor at the coliseum, after Taylor refused to give Oliver "some beer." (C. 23-24.) Lt. Matthews further stated that on October 15, 1999, Warden Charles Boutwell and Lt. Donnie Brown took Oliver back to the coliseum, where Taylor positively identified Oliver as the person who had threatened her. The record indicates that Lt. Matthews was not present when Taylor identified Oliver, and it appears that he learned of Taylor's identification only through Warden Boutwell and Lt. Brown. It also appears that Ed Wesson was not present when Oliver allegedly threatened Taylor, and that he learned of the matter only through Taylor. Taylor did not testify at the hearing, and no reason was given as to why the State did not call her as a witness. Warden Boutwell and Lt. Brown also did not testify. Oliver pleaded not guilty and insisted upon his innocence throughout the proceedings.
Here, the sole evidence upon which the finding of guilt was based was the hearsay testimony of Lt. Matthews regarding what Ed Wesson told him in the telephone conversation and regarding the identification of Oliver by Taylor when Warden Boutwell and Lt. Brown took Oliver back to the coliseum. As this court noted inBridges v. State, 636 So.2d 696 (Ala.Cr.App. 1994):
 "Due process requires that the decision of the state disciplinary board or a hearing officer not be made arbitrarily or capriciously, but be based on some evidence. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356
(1985); Heidelburg v. State[, 522 So.2d 337 (Ala.Cr.App. 1988)]. Hearsay testimony may be admissible in prison disciplinary hearings; however, it *Page 1118 
may not alone be sufficient to support a finding of guilt. Pearsall v. State, 564 So.2d 1014 (Ala.Cr.App. 1989), rev'd in part on other grounds, 564 So.2d 1017 (Ala. 1990). See also Ex parte Floyd, 457 So.2d 961 (Ala. 1984). Situations arise where findings of guilt based entirely on hearsay are proper and necessary; however, in those cases certain measures must be taken to ensure minimum due process. Pearsall v. State."
636 So.2d at 697.
Taking into consideration all the circumstances, we do not find that the hearsay testimony of Lt. Matthews constitutes "some" evidence so as to satisfy the requirements of due process. No reason was given for the State's failure to produce Taylor, who had direct knowledge of the incident. The State presented nothing to indicate the reliability of the hearsay testimony. Under the circumstances, we question the fairness of the use of that testimony. For these reasons, we hold that the finding of guilt by the hearing officer is not supported by some evidence and that it is, therefore, arbitrary and capricious. See Bridges, supra, 636 So.2d at 697; and Pearsall v. State, 564 So.2d 1014, 1016
(Ala.Cr.App. 1989), rev'd in part on other grounds,564 So.2d 1017 (Ala. 1990). The judgment of the circuit court dismissing the habeas corpus petition is hereby reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMillan, Cobb, Baschab, and Fry, JJ., concur.
 *Page 273