COBB, Judge.
Walton Pruitt appeals from the circuit court’s summary dismissal of his petition for a writ of habeas corpus. The petition challenged the punishment imposed *239 upon Pruitt after he was found guilty of violating Department of Corrections (“DOC”) Rule 68, Admin. Reg. 403, theft of another’s personal property, and Rule 58, Admin. Reg. 403, lying or giving false testimony to an employee. Pruitt’s punishment was reclassification to a higher security prison; this reclassification resulted in his removal from work release.[1]
Pruitt claimed in his petition that he was entitled to, but was denied, procedural due process during his disciplinary hearing because, he says, the punishments imposed against him affected a liberty interest, namely, remaining on work release. The State filed a motion to dismiss, arguing that Pruitt’s punishment did not involve the loss of any liberty interest, and thus, none of the due process rights mandated by Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), was triggered. The circuit court summarily granted the State’s motion to dismiss the petition.
The circuit, court erroneously granted the State’s motion on the grounds that Pruitt does not have a liberty interest in remaining on work release. The Supreme Court has held that the DOC’s Classification Manual created a liberty interest in an inmate’s continued participation in work release. Ex parte Berry, 794 So.2d 307, 309 (Ala.2000) (“The language in the Classification Manual prevents the Department of Corrections from arbitrarily removing an inmate from the work-release program, and, by doing so, creates a liberty interest in an inmate’s continued participation in the work-release program”) (Emphasis supplied.) While neither this Court nor DOC may agree with the holding in Berry, we are nevertheless required to abide by that decision in all cases where such an issue has been properly presented for appellate review. See § 12-3-16, Ala.Code 1975.
Pruitt was entitled to a review of his due-process claims.[2] Thus, this case is remanded to the circuit court with directions to that court to rule on Pruitt’s due process claims. We point out to the trial court that if the evidence from the disciplinary proceeding consisted entirely of hearsay testimony, the circuit court must make a determination on the record that the hearsay evidence presented “sufficient indicia of reliability.” See Hand v. State, 703 So.2d 1020, 1022 (Ala.Crim.App.1997)(emphasis added), citing Hughley v. State, 629 So.2d 703 (Ala.Crim.App.1993).
For the reasons stated above, this case is remanded with directions to the circuit court for actions consistent with the directions set forth in this opinion. A return to remand to this court shall be made within 42 days of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, J., concur; SHAW and WISE, JJ., concur specially, with opinions.

. Additional punishments were imposed, but Pruitt suffered no other punishment that implicated due-process considerations.

. Although this Court often affirms rulings on petitions if the circuit court’s ruling is correct for any reason, this Court is unable to determine from the record whether summary dismissal of the petition was proper.

 Note from the reporter of decisions: On December 14, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On February 22, 2002, that Court denied rehearing, without opinion. On May 17, 2002, the Supreme Court denied certiora-ri review, without opinion (1011092).