Rufus Baskin appeals from the circuit court's summary denial of his petition for a writ of habeas corpus. Baskin's petition challenged a prison disciplinary proceeding in which he was found guilty of violating Rule 91 in Annex A to Administrative Regulation 403 of the Alabama Department of Corrections, conspiracy to commit a violation of a departmental or institutional rule, and of violating Rule 92 in Annex A, aiding and abetting another to commit a violation of a departmental or institutional rule.
The evidence presented at the disciplinary hearing established that while Baskin was at his assigned work-release job at the Gold Kist poultry-processing plant in Russellville,[1] he conspired with another inmate *Page 953 
to steal money from an individual servicing the vending machines at the plant. Correctional Officer Thomas Black testified that about 9:30 p.m. on May 19, 2002, $600 in cash was taken from Jamie Poston, who was servicing the vending machines at the Gold Kist plant. After interviewing Poston and several other witnesses, Officer Black determined that Baskin had distracted Poston while another inmate took Poston's money bag. The hearing officer found Baskin guilty of the offenses, based on Officer Black's testimony. As a result of the officer's findings, Baskin was removed from work release, lost all privileges for 60 days, and was assigned three hours of extra duty for 30 days.
On July 24, 2002, Baskin filed a petition for a writ of habeas corpus with the Elmore Circuit Court, alleging that the disciplinary proceeding failed to comport with due-process requirements because, he argued, the finding of guilt was based solely on hearsay testimony. The State moved to dismiss the petition, denying the allegations. The State further asserted that Baskin's punishment did not involve the loss of a liberty interest; therefore, it asserted, the protections described in Wolff v.McDonnell, 418 U.S. 539 (1974), were not triggered. On September 16, 2002, the circuit court dismissed the petition and ordered Baskin to pay a $157 filing fee. This appeal followed.
On appeal, Baskin restates his argument that he was denied the minimum due-process requirements established in Wolff v. McDonnell, 418 U.S. 539
(1974), when, he says, the disciplinary hearing officer made a decision based solely on hearsay testimony. The loss of good time constitutes a denial of a liberty interest that triggers the due-process requirements established in Wolff v. McDonnell. Hearin v. State, 741 So.2d 1122, 1123
(Ala.Crim.App. 1999); Summerford v. State, 466 So.2d 182, 183
(Ala.Crim.App. 1985). We note that as part of his punishment, Baskin was removed from work release. In Ex parte Berry, 794 So.2d 307 (Ala. 2000), the Alabama Supreme Court held that an inmate has a liberty interest in remaining on work release.[2] Thus, the protections set out in Wolffv. McDonnell apply.
Under Wolff v. McDonnell, an inmate facing a disciplinary proceeding is entitled to notice of the claimed violation, and the inmate has the right to call witnesses and to present documentary evidence in his behalf and to receive a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563;Brown v. State, 592 So.2d 621, 623 (Ala. 1991); Hearin v. State, 741 So.2d at 1123; Young v. State, 584 So.2d 553, 554 (Ala.Crim.App. 1991). Our review of the record indicates that Baskin received notice of the alleged violations, that he apparently elected not to call witnesses,[3]
and that the hearing officer provided written findings of fact.
However, in order for the requirements of due process to be satisfied, the record *Page 954 
must also show that there is "some evidence" to support the decision to remove Baskin from work release. See Superintendent, MassachusettsCorrectional Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). See alsoHeadley v. State, 720 So.2d 996, 997 (Ala.Crim.App. 1998). As this Court has recognized on numerous occasions, hearsay evidence alone is insufficient to satisfy the "some-evidence" standard. See, e.g., Griffinv. State, 636 So.2d 1285, 1286 (Ala.Crim.App. 1994).
Here, the sole evidence upon which the finding of guilt was based was the hearsay testimony of Officer Black, the arresting officer, regarding what persons who were not incarcerated told him about the incident. As this Court noted in Bridges v. State, 636 So.2d 696 (Ala.Crim.App. 1993):
 "Due process requires that the decision of a state disciplinary board or a hearing officer not be made arbitrarily or capriciously, but be based upon some evidence. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Heidelburg v. State[, 522 So.2d 337 (Ala.Crim.App. 1988)]. Hearsay testimony may be admissible in prison disciplinary hearings; however, it may not alone be sufficient to support a finding of guilt. Pearsall v. State, 564 So.2d 1014
(Ala.Cr.App. 1989), rev'd in part on other grounds, 564 So.2d 1017 (Ala. 1990). See also Ex parte Floyd, 457 So.2d 961 (Ala. 1984). Situations arise where findings of guilt based entirely on hearsay are proper and necessary; however, in those cases certain measures must be taken to ensure minimum due process. Pearsall v. State."
636 So.2d at 697.
Taking into consideration all the circumstances, we do not find that the hearsay testimony of Officer Black constitutes "some evidence" so as to satisfy the requirements of due process. No reason was given for the State's failure to produce the unidentified "free-world persons" who had direct knowledge of the incident. The State presented nothing to indicate the reliability of the hearsay testimony. We cannot say that this constitutes "some evidence" so as to satisfy the requirements of due process.
Based on the foregoing, we hold that the hearing officer's finding of guilt was not supported by sufficient evidence and that the officer's finding was, therefore, arbitrary and capricious. See Oliver v. State,770 So.2d 1116, 1118 (Ala.Crim.App. 2000); Bridges v. State, 636 So.2d at 697. The judgment of the circuit court dismissing the habeas corpus petition is hereby reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.
[1] This offense occurred while Baskin was assigned to the Hamilton Work Release Center in Marion County.
[2] Although the judge who authored this opinion disagrees with the holding in Ex parte Berry, see Neal v. State, 803 So.2d 586
(Ala.Crim.App. 2001) (Wise, J., concurring specially), this Court is nevertheless required to follow its holding. See § 12-3-16, Ala. Code 1975.
[3] Although Baskin argues in his brief to this Court that he was denied the right to call witnesses, our review of the record does not indicate that Baskin requested the presence of any witnesses, or that he prepared any questions to be asked of these witnesses, other than the proposed questions to be asked of Officer Black. (C. 58-59.)