WELCH, Judge.
Quantrey Bryant appeals from the dismissal of his petition for a writ of habeas corpus, wherein he alleged that he was denied due process in a prison disciplinary proceeding. He was found guilty in the disciplinary proceeding of violating Rule No. 64, Administrative Regulation No. 403 (possession of contraband). Bryant was sanctioned with 45 days’ disciplinary segregation and loss of privileges. Bryant lost one year and seven months good-time credit.
In his petition, Bryant contended that he was denied due process in the prison disciplinary proceeding because, according to him, the hearing officer’s decision was based solely on hearsay. Thus, he claimed, the evidence against him failed to meet the “some-evidence” standard and the hearing officer’s finding was arbitrary and capricious. The Alabama Department of Corrections (“DOC”) filed a motion to dismiss, arguing that the petition failed to state a claim upon which relief could be granted and that Bryant had, in fact, been *1111 afforded due process. The DOC attached to its motion to dismiss several documents, including a copy of the disciplinary report and a copy of the institutional incident report. The circuit court granted the DOC’s motion to dismiss the petition.
On appeal, Bryant restates his argument that he was denied the minimum due-process requirements established in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), when the hearing officer made a decision based solely on hearsay testimony. We first note that the loss of good-time credit constitutes a denial of a liberty interest that triggers the due-process requirements established in Wolff. Summerford v. State, 466 So.2d 182 (Ala.Crim.App.1985).
“In Wolff [v. McDonnell], 418 U.S. [539] at 541-42, 94 S.Ct. 2963 [ (1974) ], the United States Supreme Court held that due process requires that a prisoner in a disciplinary proceeding where a liberty interest is implicated must be afforded advance (no less than 24 hours), notice of the charge against him; the right to be present at the disciplinary hearing; the right to present documentary evidence on his behalf; a qualified right to have a representative present on his behalf; a qualified right to call witnesses; and a written statement of the evidence relied on and the reasons for the decision of the disciplinary body. See Brown v. State, 592 So.2d 621, 623 (Ala.1991); and Zamudio v. State, 615 So.2d 156, 157 (Ala.Crim.App.1993). In Thompson v. State, 504 So.2d 747, 748 (Ala.Crim.App.1987), this Court relying on Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), stated that in order to satisfy due process, there must be ‘some evidence’ to support the decision by the prison disciplinary board that the inmate is guilty of the alleged violation. The relevant question is then whether there is some evidence in the record that could support the conclusions reached by the hearing officer. See Thompson, 504 So.2d at 748; see also Heidelburg v. State, 522 So.2d 337, 339 (Ala.Crim.App.1988).
“ ‘Due process requires that the decision of a state disciplinary board or a hearing officer not be made arbitrarily or capriciously, but be based upon some evidence. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Heidelburg v. State[, 522 So.2d 337, 339 (Ala.Crim.App.1988) ]. Hearsay testimony may be admissible in prison disciplinary hearings; however, it may not alone be sufficient to support a finding of guilt. Pearsall v. State, 564 So.2d 1014 (Ala.Cr.App.1989), rev’d in part on other grounds, 564 So.2d 1017 (Ala.1990). See also Ex parte Floyd, 457 So.2d 961 (Ala.1984). Situations arise where findings of guilt based entirely on hearsay are proper and necessary; however in those cases certain measures must be taken to ensure minimum due process. Pearsall v. State.’
“Bridges v. State, 636 So.2d 696, 697 (Ala.Crim.App.1993). See also Oliver v. State, 770 So.2d 1116, 1117-18 (Ala.Crim.App.2000); and Gowers v. State, 766 So.2d 986 (Ala.Crim.App.2000).”
Byers v. State, 856 So.2d 954, 956-57 (Ala.Crim.App.2003).
In this case, the sole evidence upon which the finding of guilt was based was the hearsay testimony of Captain Gwendolyn Tarrance regarding what Tarrance had been told by Officer James Liverett. The record reflects that Captain Tarrance testified at the hearing as follows:
*1112 “On December 14, 2009, at approximately 6:26 a.m.[,] Officer James Liverett reported to [me] that he discovered one (1) Sony Ericsson flip cell phone, and four (4) Nokia cell phones, black and silver in color, and one (1) MP3 Player inside a bag located in [Bryant’s] assigned locker box C2 85A.”
(C. 27.)
The disciplinary report reflects that the hearing officer used the testimony as his finding of fact. There is no indication in the report that any other witnesses testified at the disciplinary hearing. There is no indication that any officer who was actually involved in the discovery of the contraband testified at the hearing. In a written statement, which is referenced in the disciplinary report, Bryant denied possessing any contraband.
We cannot say that, taking into consideration all the evidence in the record, the hearsay testimony of Captain Tarrance constitutes “some evidence” so as to satisfy the requirements of due process. There was no evidence to indicate the reliability of the hearsay testimony, nor was any reason given for failing to call a witness who had direct knowledge of the incident.
The DOC argues in its brief on appeal that the testimony was based upon the incident report, which indicated where and in whose locker the contraband was found, and that the hearing officer could have based his decision on the contents of the incident report, which the DOC claims falls under Rule 803(8), Ala. R. Evid., the public-records and reports exception to the hearsay rule. Initially, we note that the hearing officer did not indicate that he had considered the incident report when making his decision. Further, ordinarily, the reports of investigating officers are deemed hearsay and are not admissible into evidence. James v. State, 723 So.2d 776 (Ala.Crim.App.1998). Even assuming, without deciding, that the incident report fell within an exception to the hearsay rule, the exception permits the admission of specified hearsay evidence; it does not prove that such evidence is not hearsay. “Rule 802 expressly exempts from exclusion those hearsay statements whose admissibility is otherwise provided by law.” Rule 802 Ala. R. Evid., Advisory Committee’s notes. (Emphasis added.)
For the reasons stated above, we conclude that the finding of guilt by the hearing officer is not supported by sufficient evidence to meet due-process requirements and is, therefore, arbitrary and capricious. The judgment of the trial court dismissing the habeas corpus petition is, therefore, reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.